Wunsch, Appellant, vs. Wunsch, Respondent.

*October 19—November 20, 1945.*

For the appellant there was a brief by *Rubin, Zabel &
Ruppa,* attorneys, and *William B. Rubin* of counsel, all of
Milwaukee, and oral argument by *William B. Rubin.*

For the respondent there was a brief by *Charles Higgins,*
attorney, and *George A. Bowman* of counsel, both of Mil-
waukee, and oral argument by *Mr. Higgins.*

ROSENBERRY, C. J.   We shall state only such facts as are
necessary to an understanding of the conclusion which we have
reached.

At the conclusion of the trial the court found, among other
things, that the defendant—

"by her conduct has unsuited herself to have the custody of
their minor child.

"That time and time again she left him home with their
child while she went out carousing and bumming in taverns
and dance halls.

"That between the months of March, 1944, and up to the
time of this action, she has been associating herself with
strange men in taverns and going to dance halls and on intimate
terms with strangers, returning home in the wee hours of the
morning, and on more than one occasion as late as 4 o'clock in
the morning;" and other facts of a similar nature.

Upon the hearing on defendant's motion to modify the
judgment, the trial court made the following decision:

"On the evidence received on this hearing and with the evi-
dence submitted upon the trial of this action on the 22d day of
September, 1944, in mind, and the court having received the
report of the department of domestic conciliation, it is the order
that the judgment in this case be modified to provide that the

permanent custody and care of Diane Wunsch, the child of the parties, be and the same is reposed in the defendant until the further order of the court, the payments of alimony and support money ordered to be made by the terms of the judgment as entered to be continued in the future and until the further order of the court.

"Visitation with the child by the father, plaintiff, will continue as heretofore, and he may take the child with him upon the occasions of his visits to the home of the Louis Wunsches or to the home of his mother."

Subsequently the formal order already set out was entered. It is apparent that the order of the court is based in part on the report received by the judge from the department of domestic conciliation, which report was never submitted to the parties or to counsel. The court was in error in considering matters of fact not before the court. The parties who made the report were not before the court and counsel for plaintiff had no opportunity to examine or cross-examine them.

While the right to the custody of a minor child of tender years is a matter very largely in the discretion of the trial court, still a contest as to that matter is a judicial proceeding and the discretion must be exercised on legal grounds, and the determination of the court is subject to review as in other cases. *Voss v. Voss* (1914), 157 Wis. 430, 147 N. W. 634. A contest between parents as to the custody of a child is clearly a judicial and not an administrative matter and the procedure governing judicial proceedings should govern.

The report of the department of domestic conciliation was not offered or received in evidence and therefore was no part of the record. There is no way in which the error in this case can be cured except by a reversal of the order and a remand of the case for further proceedings. This is not a case where the report was before the court and not returned with the record. It was received by the judge but was never before the court.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings.