BLOCK, Appellant, v. BLOCK, Respondent.

*January 7—February 2, 1960.*

380

For the appellant there was a brief and oral argument by *Walter M. Block* of Chicago, Illinois, *in pro. per.*

For the respondent there was a brief by *Cohen & Parins* of Green Bay, and oral argument by *Meyer M. Cohen* and *Robert J. Parins.*

BROADFOOT, J. Actions to modify a divorce judgment are judicial and not administrative proceedings, and are governed by the rules and procedure for conducting judicial proceedings. The orders of a trial court with respect thereto are subject to review and, in order that there may be a review, it is necessary that proceedings be conducted in open court and that the orders be based upon testimony taken by a reporter with witnesses subject to cross-examination. *Wunsch v. Wunsch*, 248 Wis. 29, 20 N. W. (2d) 545; *Smith v. Smith*, 209 Wis. 605, 245 N. W. 644; *Shewalter v. Shewalter*, 253 Wis. 51, 33 N. W. (2d) 189. Depositions properly taken are, of course, admissible in divorce actions.

Most of our information as to what took place appears in Judge KEHOE's memorandum decision. Both in that decision and in open court following the motion for the entry of an order based upon the stipulation, the court stated that he was fully informed as to all of the circumstances as all of the matters pertinent to the motions and order to show cause were discussed and fully presented. The court therefore felt that nothing further could be gained by taking testimony. That is the procedure that was followed and criticized in the *Smith Case, supra.* The trouble is that there is no record of what transpired in chambers, so there is nothing we can re-

view in order to determine whether or not the court had used proper discretion in entering the order.

To add to the confusion the plaintiff prepared his own brief and attempted to include many extraneous matters that we cannot find in the record. This led the attorneys for the defendant to go outside the record in many of their statements. No bill of exceptions was settled.

The plaintiff presented his own case before this court. For the most part he spoke of matters not in the record. The defendant had moved for a review of a portion of the order. Without a proper record we cannot pass upon any alleged errors.

Under all of the circumstances we decline to pass upon the motion for review but will remand the record to the trial court so that proper proceedings may be had therein and a proper record made.

*By the Court.*—Order reversed. Cause remanded for further proceedings consistent with this opinion.