McMurtrie, Appellant, v. McMurtrie, Respondent.

*No. 187. Argued October 5, 1971.—Decided November 2, 1971.*
(Also reported in 191 N. W. 2d 43.)

For the appellant there were briefs by *Tinkham, Smith, Bliss & Patterson,* attorneys, and *George A. Richards* of counsel, all of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondent there was a brief by *Kelley, Weber & Bolte* of Wausau, and oral argument by *Richard Bolte.*

HANLEY, J.  Three issues are presented on this appeal:

(1)  Was the evidence sufficient to support a finding of cruel and inhuman treatment on the part of either party;

(2) Did the trial court abuse its discretion in determining the property division; and

(3) Are the parties entitled to a new trial in the interest of justice?

*Cruel and inhuman treatment.*

It frequently has been stated that in cases involving family law it is particularly helpful for the trial court to make specific findings of fact to aid this court on appeal. *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898.

". . . Specific findings as to facts established by the defendant at the trial are required. Particularly when divorce or legal separation is sought on the ground of cruel and inhuman treatment, and '. . . the court must consider the totality of conduct and the detrimental effect it has upon necessary marital relationships . . .', such consideration must be accompanied *by comment and findings both as to facts which constitute cruel and inhuman treatment and as to the effect upon the health of the complaining spouse. . . .*" *Cary v. Cary* (1970), 47 Wis. 2d 689, 692, 177 N. W. 2d 924. (Emphasis supplied.)

Such comment and specific findings are absent in this case. Where there is a failure to make a finding of fact, this court can affirm or reverse, depending upon whether the judgment is clearly supported by the preponderance of the evidence, or remand for further findings and conclusions. *Walber v. Walber, supra,* at page 319. Although this court generally prefers to remand to enable the trial court to clarify its findings, that course would not be feasible in this case in light of the comments made by the trial court.

The findings of the trial court include the following:

"(10) That no grievous misconduct has been competently established by either party to this action."

This finding is expanded by the comments made by the judge in his decision. He stated:

". . . If this were a first marriage for both, with children, the court could well be justified in denying both a divorce on the testimony presented.

"The situation here though, a second marriage for both, of short duration, without children, without grievous misconduct, is in essence more compatible with an action for annulment than for an action for divorce.

. . .

"Yet, the parties are here. There is ample showing that reconciliation is impossible. Forcing them to abide by a contract entered into with mutual understanding would accomplish nothing but additional hurts for both."

A review of the record in this case clearly shows that the conduct of neither party is sufficiently grievous to constitute cruel and inhuman treatment. At best, the parties have proven to be incompatible. Incompatibility is not a ground for divorce in this state. *Heffernan v. Heffernan* (1965), 27 Wis. 2d 307, 310, 134 N. W. 2d 439.

Although a single act may be sufficient to constitute cruel and inhuman treatment—*Merten v. National Manufacturers Bank* (1965), 26 Wis. 2d 181, 131 N. W. 2d 868—the totality of conduct generally must be examined to determine whether there are grounds for divorce. *Heffernan v. Heffernan, supra,* at page 312. To be denominated as cruel and inhuman, the conduct in question must (1) be unreasonable and unwarranted; (2) render the parties incapable of performing their marital duties; and (3) have a detrimental effect on the mental or physical health of the offended spouse. *Williams v. Williams* (1971), 51 Wis. 2d 453, 456, 187 N. W. 2d 208.

The record in this case does not reveal any conduct of appellant toward respondent which could be termed unreasonable or unwarranted. Viewing the evidence most favorably to the respondent, it appears that appellant complained about his children and the difficulty of taking care of the household without outside help.

She refused to accompany him on business trips, especially when he wanted to pilot his own airplane. She appeared more interested in the welfare of her retarded son than of the other family members. Without more, these acts do not constitute cruel and inhuman treatment. In addition, there is no evidence that the physical or mental health of the respondent was impaired because of the conduct of his wife. This is an essential element of cruel and inhuman treatment. *Mentzel v. Mentzel* (1958), 4 Wis. 2d 584, 589, 91 N. W. 2d 101. Therefore, we think the trial court erred in granting the divorce to the husband in this case.

Nor does the conduct complained of by the appellant appear to constitute cruel and inhuman treatment. She complained that respondent was always thinking about his business, that he kept irregular hours and that he was frequently late for dinner. She accused him of drinking excessively, but apparently never complained about it to him and never observed him drunk. He shook his fist in her face several times; and on one occasion he held a table knife close to her. She admitted, however, that these gestures were made only for emphasis and were not meant as, or understood to be, threats.

On one occasion respondent told appellant he wanted the garbage cans taken to the dump. He testified that he expected her to get help from the children who were capable of lifting heavy objects. She thought he expected her to do it herself, however, and refused to do so, saying it was beneath her dignity and threatening to return to Milwaukee.

Appellant complained about several statements made by the respondent. She testified that he would say, " 'Even when I am wrong I am right.' " Respondent denied saying this to his wife, stating that the expression was directed to the children. Respondent also denied saying, " 'You are going to pay for those seventeen

years,'" which was understood by appellant to refer to the seventeen years of respondent's first marriage. Respondent urged his wife to "[b]e a housekeeper and a mother, never mind being a wife." This was explained by respondent, who said that he expected his wife to assume the complete role of wife, mother and housekeeper, and that he felt that part of the job of a wife was doing the things which appellant did not want to do.

The largest point of contention between the parties related to the appellant's retarded children. Appellant testified that her husband did not want her son to live with them, encouraged her to have the son placed in a nursing home and he became angry when she visited her son more than once a week. The evidence presented by respondent indicated that his feelings were justified. The son was difficult to discipline, would assault other members of the family, and at times would expose himself before others in the household, possibly including respondent's thirteen-year-old daughter. Respondent explained that his wife would spend far too much time visiting her son in the nursing home, consequently ignoring the rest of the family.

Appellant complained that respondent would not allow her to hire household help even though her back was severely injured in an airplane crash. Respondent testified, however, that the house contained many labor-saving devices and that the children helped with the housework. Jan Eldredge, called as a witness on behalf of the respondent, testified that occasionally appellant would call her at 10 a. m. stating that she had already finished cleaning the house.

A number of occurrences were recited by appellant. All are explained away by the respondent, uncorroborated or of a relatively minor significance.

"The weight of the evidence and the credibility thereof were matters entirely within the province of the court

as the trier of the facts. . . ." *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. 2d 386.

We think the evidence fails to establish cruel and inhuman treatment on the part of either party and that the trial court erred in granting a divorce to the respondent. As this court stated in *Voss v. Voss* (1914), 157 Wis. 430, 432, 147 N. W. 634:

". . . It is quite clear that the court below ordered judgment of divorce mainly for the reason that he did not think the parties could live together in harmony, not for the reason that plaintiff had made a case entitling him to a divorce. But divorces must be granted on legal grounds, not on notions of the court as to the propriety or advisability of the parties continuing to live together."

Since the judgment of divorce must be reversed, we do not reach the issue of division of property. The remaining issue of granting a new trial in the interest of justice, also, is not reached because neither party met the burden of proving cruel and inhuman treatment by a fair preponderance of the evidence.

The judgment of divorce dated August 19, 1970, is reversed. The cause is remanded for the trial court to consider the application of sec. 247.28, Stats., in this case. The record discloses a temporary support order was in effect prior to trial and entry of judgment.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with the opinion.