VIER, Appellant, v. VIER, Respondent.

*No. 279. Submitted under sec. (Rule) 251.54 February 6, 1974.— Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 432.)

The cause was submitted for the appellant on the brief of *Brice T. Sullivan* of Superior, and for the respondent on the brief of *Toby E. Marcovich* and *Marcovich & Cochrane*, all of Superior.

HALLOWS, C. J. The basic question is whether the trial court abused its discretion in not expressly setting forth in its opinion or its findings of fact and conclusions of law how it arrived at the award of $10,000 for Walter Vier. Mrs. Vier argues that *Lacey v. Lacey* (1970), 45

Wis. 2d 378, 173 N. W. 2d 142, requires in the court's decision not only the listing of assets of the parties but a discussion of all the factors considered by the court in its division of the property, such as the length of the marriage, the age and health of the parties, the liability of either party for debts or support of children, their ability to support themselves, general circumstances including grievous misconduct, whether the award is in lieu of or in addition to the alimony, whether the property was acquired during the marriage and all other factors which are material and relevant in establishing a fair and equitable basis for a division of the property. *See* sec. 247.26, Stats.

A division of property and the award of alimony in a divorce action is within the sound discretion of the trial court. *Dittberner v. Dittberner* (1972), 54 Wis. 2d 671, 196 N. W. 2d 643; *Husting v. Husting* (1972), 54 Wis. 2d 87, 194 N. W. 2d 801; *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 173 N. W. 2d 142; *Leeder v. Leeder* (1970), 46 Wis. 2d 464, 175 N. W. 2d 262; *Seiler v. Seiler* (1970), 48 Wis. 2d 400, 180 N. W. 2d 627; *Hirth v. Hirth* (1970), 48 Wis. 2d 491, 180 N. W. 2d 601; *Balaam v. Balaam* (1971), 52 Wis. 2d 20, 187 N. W. 2d 867. In *Lacey,* relied on by Mrs. Vier and approved in *Husting v. Husting* (1972), 54 Wis. 2d 87, 91, 194 N. W. 2d 801, this court reviewed the statutory and other guidelines and cautioned trial courts to indicate in the findings or written decision the basis on which the property was divided and the reasons for doing so. Without such, *Lacey* stated: A "review of the fairness of the result reached becomes not just difficult, it becomes impossible." Prior to *Lacey* we stated in respect to the failure to make findings in divorce actions:

"In *State ex rel. Skibinski v. Tadych* (1966), 31 Wis. 2d 189, 142 N. W. 2d 838, we stated the familiar rule that a trial court's failure to find a fact is not neces-

sarily reversible error although sec. 270.33, Stats., requires that the court, upon a trial of an issue of fact to it, shall state separately the facts found and the conclusions of law thereon. We pointed out in *Skibinski* that when there is a failure to make a finding of fact, this court on appeal may adopt one of three courses: (1) Affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions. *See also Kamuchey v. Trzesniewski* (1959), 8 Wis. 2d 94, 98 N. W. 2d 403; *Forest Home Dodge, Inc. v. Karns* (1965), 29 Wis. 2d 78, 138 N. W. 2d 214.

"In cases involving family law, it is especially helpful to this court that adequate findings of fact are made. A trial court's duty only extends to finding ultimate facts upon which a judgment rests, *Finkelstein v. Chicago & N. W. Ry.* (1935), 217 Wis. 433, 259 N. W. 254, and there is no exception in the statute for divorce cases; nevertheless, more specific findings should be made upon request of counsel. In contested domestic relations and family-law cases we are inclined to take the third alternative and remand the case for the making of additional findings." *Walber v. Walber* (1968), 40 Wis. 2d 313, 319, 161 N. W. 2d 898.

Mrs. Vier argues there is no finding as to how the court arrived at the award of $10,000 which she must pay to Mr. Vier and thus the trial court abused its discretion. It is true that after the trial court considered the assets of the parties and said he considered the guidelines enunciated in *Lacey*, he ordered as part of the division of property that Mrs. Vier pay Mr. Vier $10,000. The trial court's specific reasons for this item of the order are not to be found in the decision or in its findings. The question now is whether the failure of the trial court to follow the admonitions in *Lacey* is an abuse of discretion. While *Lacey* did require the reasons to be given, we do not consider it reversible error or an abuse of discretion when this guideline is not followed if from the record this court can come to a reasonable conclusion

that the division of the property or the award of alimony was reasonable.

The court found Mr. and Mrs. Vier were married on January 27, 1940. Prior to 1957 they lived in Hammond, Wisconsin, but in that year, after eight years of owning and operating an automobile service station, Mr. Vier sold his service station. The parties then moved to Douglas county and from the proceeds of the sale Mr. Vier made a down payment of $10,000 on the purchase price of a business property now known as Vier Camp, the full price of which was $25,000. This consisted of a dwelling, grocery store, a tavern and equipment. For the seventeen years there preceding, Mrs. Vier had been a full-time homemaker-housewife and had never been employed outside the home. Mr. and Mrs. Vier then worked together in conducting the resort business for about ten years or until September, 1967, each party contributing equally to the responsibility for management of the business. Prior thereto, in March, the parties thought Mr. Vier might be named in an alienation of affections suit and in their layman's way attempted to protect or hide their assets by removing Mr. Vier's name from all joint banking accounts. At the same time, Mr. Vier, apparently unknown to Mrs. Vier, quitclaimed to her all his interest in the jointly owned real estate and business. There is no evidence these latter transfers were meant by Mr. Vier to be gifts; the incomplete record would indicate they were sham transfers.

In September, 1967, Mr. Vier left Douglas county with the "other woman" and never returned. He took with him a 1967 Ford, a $500 savings bond, and a pontoon boat and motor worth $500. After the desertion by Mr. Vier, Mrs. Vier had in her possession assets valued as follows: Real estate $40,000, Buick automobile $1,400, cash $500, business $2,200 and savings bond $150, for a total of $44,250. Mr. Vier had in his possession an

equity in an Illinois home where he lived in the amount of $1,000, a 1966 Ford worth $900, bonds worth $500, and a boat and motor worth $500, for a total of $2,900.

On these facts Mrs. Vier claims Mr. Vier should not receive anything other than what he had at the time of the divorce and to award him $10,000 is an attempt to place Mr. Vier in the financial position he had in 1957 when the Vier Camp was purchased. Mrs. Vier claims this is wrong because she should be given credit for part of the $10,000, arguing that *Lacey v. Lacey* requires "The division of the property of the divorced parties rests upon the concept of marriage as a shared enterprise or joint undertaking. . . . literally a partnership." Taking this view, she should be entitled to one half of the $10,000 because of her contribution as a homemaker. In addition Mrs. Vier argues this partnership was dissolved when Mr. Vier deserted her for the "other woman" and took the assets he wished and presumably considered his.

In making the award, the trial court gave Vier Camp, its business and assets and all other property then in her possession to Mrs. Vier. Mr. Vier was awarded the equity of his home in Illinois, four insurance policies, the Ford and the boat and savings bonds he took when he left. He was also given $10,000 to be paid to him by Mrs. Vier over a period of thirty-seven months at the rate of $100 a month for thirty-six months, the balance of $6,400 to be paid immediately there following. While it is true the trial judge did not follow *Lacey v. Lacey* because he gave no reason for this award of $10,000 and although this court may in the first instance have given Mr. Vier less, nevertheless the amount of the award is not unreasonable.

From the record it is clear Mr. Vier was given those items other than the $10,000 which could be considered personal to him and similar items and the business were

given to Mrs. Vier. The business had a value of $40,000, part of which was due to the work of Mr. Vier for the ten years between 1957 and 1967, plus his interest in the $10,000 originally applied on the purchase price. Even if Mr. Vier is not given full credit for all the down payment, his contribution during the ten years would justify within the limits of reasonableness, the amount of award which was made. While *Lacey* speaks of marriage as a partnership, parties to a marriage do not normally keep detailed financial books of what each party contributes and spends as do partners in a commercial business. It is the general concept of the partnership we are dealing with in marriage, not a set of nonexistent financial records. In marriage, personal relationships cannot be kept on such a detailed financial basis.

We again urge trial courts to state their reasons why certain assets are apportioned to one party and other assets are apportioned to the other party. While the general result might well be reasonable and equitable, giving one's reasons for reaching such a result will cut down reversals for what might look to this court like an abuse of discretion. This court should not be required to search the record for reasons to sustain a trial court. The giving of reasons by the trial court will also cut down cases where it is necessary to set aside a judgment and send the case back for further proceedings because it is impossible for this court to review the trial court's decision. This court is too busy to attempt in every case to justify the trial court's judgment with its own reasons, as it has done in this appeal.

*By the Court.*—Judgment affirmed.