KRAEMER (Ellen), Respondent, v. KRAEMER (Edward), Appellant.

No. 361. Submitted under sec. (Rule) 251.54 January 7, 1975.—
Decided March 28, 1975.
(Also reported in 227 N. W. 2d 61.)

The cause was submitted for the appellant on the briefs of *Riggins & Siner* of Milwaukee; and for the respondent on the brief of *Berk, Pressentin & Mellor* of New Holstein.

WILKIE, C. J. This appeal by Edward Kraemer, the defendant-appellant, in a divorce action, is from those portions of the judgment which determine the marital status of the parties, provide for the division of the estate, and award custody of the parties' minor child. We affirm in all respects except for the awarding of custody of the minor child who was four years old at the

time of the judgment. We reverse that part of the judgment and remand to the trial court for further proceedings.

The trial court's findings of fact are inadequate with regard to all issues raised on appeal.[1] When there is a failure to make an adequate finding of fact, this court on appeal may pursue one of three courses: (1) Affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions.[2]

Upon review of the record, we conclude that the judgment, insofar as it relates to the marital status of the parties and the division of the estate, is clearly supported by the preponderance of the evidence.

On the matter of the custody of the minor child, there is no finding of fact by the trial court as to what the best interests of the child are. The trial court merely awards custody to the plaintiff mother, Ellen Kraemer, the respondent. There is no reference to the basis of the trial court's decision. It is therefore impossible for this court to determine on review whether the trial court ruled properly on the basis of the best interests of the child, which is always the controlling consideration.[3]

Counsel for Edward Kraemer contends that the trial court abused its discretion in awarding custody of the minor child to the mother, Ellen Kraemer, solely because of her sex. Sex alone cannot be used as the sole basis for making a custody award.[4] We must therefore reverse and remand to the trial court for the making of findings

[1] *Cary v. Cary* (1970), 47 Wis. 2d 689, 177 N. W. 2d 924.

[2] *Walber v. Walber* (1968), 40 Wis. 2d 313, 161 N. W. 2d 898; *State ex rel. Skibinski v. Tadych* (1966), 31 Wis. 2d 189, 142 N. W. 2d 838; *Damman v. Damman* (1911), 145 Wis. 122, 128 N. W. 1062.

[3] *Gochenaur v. Gochenaur* (1969), 45 Wis. 2d 8, 172 N. W. 2d 6; *King v. King* (1966), 29 Wis. 2d 586, 139 N. W. 2d 635.

[4] *Scolman v. Scolman* (1975), 66 Wis. 2d 761, 226 N. W. 2d 388; sec. 247.24 (3), Stats.

of fact and conclusions as to the best interests of the child.

*By the Court.*—Judgment as to marital status of the parties and division of the estate affirmed; that portion of the judgment that awards child custody is reversed and cause remanded for further proceedings not inconsistent with this opinion.