LAVOTA, Respondent, v. LAVOTA, Appellant.

*No. 14 (1974). Argued December 2, 1975.—*
*Decided December 19, 1975.*
(Also reported in 236 N. W. 2d 224.)

For the appellant there was a brief by *Stephen J. Hajduch* and *John A. Udovc,* attorneys, both of Milwaukee, and *John A. Udovc* of counsel, and oral argument by *Mr. Udovc.*

For the respondent there was a brief by *Johnson & Johnson* of Waukesha, attorneys, and *Eugene N. Johnson* of counsel, and oral argument by *Eugene N. Johnson.*

HEFFERNAN, J. This is an appeal by the defendant husband, Florian Lavota, from a judgment granting an absolute divorce to the plaintiff wife, Mary Lavota. We reverse and remand to the trial court.

The plaintiff wife sued for an absolute divorce on the grounds of cruel and inhuman treatment. The husband counterclaimed for an absolute divorce on the same grounds. The parties were married on July 28, 1951; and at the time of the divorce the plaintiff was forty-three years old and the defendant forty-seven years old. Four children were living at home at the time of the divorce. Their respective ages were eighteen, seventeen, fourteen, and eleven.

A judgment of absolute divorce was granted to Mary Lavota, and she was given custody of the children. The husband was ordered to provide support for the minor children; and approximately 45 percent of the joint estate of the parties, as well as all items of personal property belonging to Mary Lavota, was awarded to her. No alimony was ordered to Mary Lavota, the trial judge ordering that the question of alimony be held open.

From a perusal of the record, we find that the trial court failed to make numerous findings of fact which were essential for the support of the judgment entered. In respect to the factual foundation on which the trial judge concluded that the wife was entitled to an absolute divorce, the court made only the ultimate fact finding that "the defendant has treated the plaintiff in a cruel and inhuman manner." There was no finding that the cruel and inhuman treatment affected either the physical or mental health of the plaintiff.

Although the defendant in his counterclaim alleged a course of cruel and inhuman treatment by the plaintiff toward him and that this treatment adversely affected his health and well-being, the trial court made no finding in respect to the merits of the counterclaim, and no disposition of the counterclaim was made in the judgment.

Although the trial court awarded the custody of the minor children to Mary Lavota, no findings whatsoever were made in respect to the fitness of either parent to

have custody, nor is there any evidence from the record that the court made any finding in respect to the best interests of the minor children.

The court held that the plaintiff was entitled to approximately 45 percent of the joint estate and the items of the estate were particularized, but it made no reference to the factors that impelled such division of the joint property.

Moreover, the trial court, although finding that the defendant had been guilty of cruel and inhuman treatment of his wife, made no findings in respect to the particulars of that conduct.

We have repeatedly held that, in an appeal from a divorce judgment which determines the marital status of the parties, provides for the division of the estate, or awards custody of the minor children, the trial court is required to make adequate findings of fact. In the absence of such findings, this court may affirm if the judgment is supported by a preponderance of the evidence, it may reverse if not so supported, or it may remand for the purpose of making appropriate findings of fact and conclusions of law. *Kraemer v. Kraemer* (1975), 67 Wis. 2d 319, 320, 227 N. W. 2d 61.

Initially, it is apparent that, under the holding of *Cary v. Cary* (1970), 47 Wis. 2d 689, 177 N. W. 2d 924, the case must be remanded for finding and disposition in respect to the merits of the defendant husband's counterclaim. As was said in the dissent to *Walber v. Walber* (1968), 40 Wis. 2d 313, 325, 161 N. W. 2d 898, a dissent which has, in part, been adopted by this court:

"[I]t would seem elementary that the judgment must deal with and dispose of both the complaint and counterclaim. To rule on one and not the other is an exactly half-finished job."

In addition, because both the complaint and counterclaim allege cruel and inhuman treatment, the cause must

be remanded under the holdings of *Cary, supra,* and *McMurtrie v. McMurtrie* (1971), 52 Wis. 2d 577, 191 N. W. 2d 43, for findings in respect to the facts which support, or fail to support, the divorce on the grounds of cruel and inhuman treatment.

Under *Jacobs v. Jacobs* (1969), 42 Wis. 2d 507, 513, 167 N. W. 2d 238, the record must be remanded because the trial court failed to make any finding in regard to the effect of either party's alleged cruel and inhuman treatment on the physical or mental health of the other.

It should also be pointed out that there was evidence which, if believed by the trial court, would tend to show misconduct on both parties. If the trial court's review of the record should result in findings that the conduct of both parties had been cruel and inhuman in respect to the other, the provisions of sec. 247.101, Stats., must be considered.

Because the trial court failed to mention any of the factors upon which it based its apportionment of the joint estate, the cause must be remanded for appropriate findings on this subject also. *See: Lacey v. Lacey* (1969), 45 Wis. 2d 378, 173 N. W. 2d 142; *Lacey v. Lacey* (1973), 61 Wis. 2d 604, 213 N. W. 2d 80; *Shetney v. Shetney* (1970), 49 Wis. 2d 26, 181 N. W. 2d 516; and *Cary, supra.*

In respect to the failure to make findings supporting the apportionment of the estate, we have in some cases, such as *Vier v. Vier* (1974), 62 Wis. 2d 636, 215 N. W. 2d 432, and *Kraemer v. Kraemer, supra,* chosen not to remand. However, in the instant case, there was a total lack of any findings or expressed rationale in the trial judge's decision that would supplement inadequate findings. Moreover, as stated above, the very merits of the case must be reconsidered by the trial judge in respect to other findings that we find inadequate; and those findings might well affect any property division that might be made.

Additionally, as pointed out under *Kraemer v. Kraemer, supra,* where a trial court has failed to make any findings in regard to the best interests of the minor children or the relative fitness of each parent to have custody, the case must be remanded. It would appear from the record that at least one of the children, perhaps two, is a minor at the time of this appeal; and, in the event there is a determination of custody, it should be made on the accepted standards of the best interests of the children and with the advice of a guardian *ad litem,* who shall be appointed to represent the children on the further consideration of this case. *deMontigny v. deMontigny,* ante, p. 131, 233 N. W. 2d 463.

Because we deem the case not in a proper posture for appellate review, other questions that have been posed by the parties must remain unanswered on this appeal. This court goes to great lengths to sustain the exercise of trial court discretion when a court has made appropriate findings of fact which are supported by the evidence and has correctly applied the relevant legal considerations. We decline, however, to usurp the trial court's function of passing upon the credibility of the witness or to put ourselves in the position of *ab initio* exercising discretion in respect to the sensitive problems of parties who are not before us. Upon a review of the record, the trial court may conclude that there is an inadequate basis for making the findings required. In that event, the court may in its discretion reopen the case for further testimony.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.