BAHR, Plaintiff-Appellant, v. BAHR, Defendant-Respondent.

*No. 720 (1974). Submitted on briefs February 4, 1976.—Decided April 7, 1976.*
(Also reported in 240 N. W. 2d 162.)

146

For the appellant the cause was submitted on the brief of *Gary L. Bahr,* pro per of Belleville.

For the respondent the cause was submitted on the brief of *Paul L. Jonjak* and *Ebbeson & Jonjak* of Sturgeon Bay.

HEFFERNAN, J. On November 14, 1974, the county court entered an order which denied the motion of the husband, Gary L. Bahr, to transfer custody of the two minor children of the parties from the wife, Melanie L. Bahr, to him. We vacate that order, because no guardian *ad litem* was appointed by the court to represent the minor children. Custody of the minor children shall remain with their mother as provided in the original divorce judgment.

The parties were married in Wisconsin on October 12, 1963. One child was born in 1964 and the other in 1969. A default divorce was granted in the state of Oregon to the husband on June 9, 1969. The wife, Melanie, was awarded custody of the children. She later returned to Wisconsin with the children.

The husband, who had remarried, also returned to Wisconsin. In June of 1972 he commenced a proceeding to gain custody of the children. The proceeding, although originally commenced in Dane county, was transferred to Outagamie county.

That proceeding was terminated on July 15, 1973, by an order continuing the custody of the children with Melanie. That proceeding is not in issue in the instant

case, but the language of the trial judge in discouraging the wife's petition for the appointment of a guardian *ad litem* for the children reveals why the request was not renewed in the proceedings now before the court.

The trial judge stated at the commencement of the proceedings:

"I feel obliged to appoint a guardian ad litem if you want. If you don't want, I have made plain to you what low regard I have for that procedure in spite of what the Supreme Court says."

He later said:

". . . I do not appoint a Guardian ad Litem for the reason that I am disposed to give the attorneys and the litigants all of the time they may want or require. I have already received reports from investigating agencies including two psychiatrists, and I don't feel that a Guardian ad Litem would be of any help. I am myself certain that I will have far more regard for the welfare of these children than any Guardian ad Litem would, and I recognize that that is my primary function here to take care of the best interests of the children."

On November 9, 1973, Gary Bahr commenced the proceedings that are the subject of this appeal. Extensive hearings were held and over several hundred pages of transcript were generated in the course of the proceedings. Again, no guardian *ad litem* was appointed to represent the minor children. The trial judge again refused to transfer the custody of the children to the father, Gary.

The appeal is from the order of November 14, 1974, which denied the petition for a change of custody.

That order of the county court must be vacated for failure to appoint a guardian *ad litem* for the minor children. Under this court's holding in *de Montigny v. de Montigny* (1975), 70 Wis. 2d 131, 233 N. W. 2d

463, a guardian *ad litem* must be appointed in a custody proceeding as provided in sec. 247.045, Stats.[1]

In the present case, as in *de Montigny,* the only question before the trial court was whether a transfer of custody was warranted. The only matter at issue was the future welfare of the minor children of the divorced parents. In this situation, "it is an abuse of discretion, patently prejudicial, to fail *sua sponte* to appoint a guardian *ad litem* for the minor children." *de Montigny, supra,* page 137.

The mother, Melanie Bahr, argues that the failure to appoint a guardian *ad litem* is not appealable and, in any event, is not raised, because the decision not to appoint a guardian *ad litem* was made during the course of the proceedings terminated on July 15, 1973, and that order has not been appealed. Melanie Bahr also states that there was no request for a guardian *ad litem* for the proceedings in 1974 leading to the November 14, 1974, order, from which the present appeal is taken.

While it is true that the order resulting from the earlier hearing has not been appealed, and, hence, the absence of a guardian *ad litem* in those proceedings is not before the court, no guardian *ad litem* was appointed for the hearings that resulted in the order now before us. Whether either party requested a guardian *ad litem* is irrelevant, for this court in *de Montigny* held that the trial court may commit reversible error when

[1] "247.045 **Guardian ad litem for minor children.** In any action for an annulment, divorce, legal separation, or otherwise affecting marriage, when the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children. If a guardian ad litem is appointed, the court shall direct either or both parties to pay the fee of the guardian ad litem, the amount of which fee shall be approved by the court. In the event of indigency on the part of both parties the court, in its discretion, may direct that the fee of the guardian ad litem be paid by the county of venue."

it fails *sua sponte* to appoint a guardian *ad litem* for minor children. Here, as in *de Montigny,* the petition for an order to show cause why the custody of minor children should not be changed raised a question of "special concern" for the future of the minor children:

"A trial judge faced with a decision to continue a present custody or terminate it in favor of an alternate custody unless the petition for alteration of custody is on its face frivolous, is required to appoint a guardian *ad litem* for the children." *de Montigny, supra,* page 138.

There is no allegation that the petition was frivolous, nor did the lower court so find. Rather, over 500 pages of testimony in four days of hearings was taken on the petition. The trial court, in failing *sua sponte* to appoint a guardian *ad litem* for these hearings, committed reversible error.

In the event Gary L. Bahr desires to initiate further proceedings to gain custody of the minor children, the procedure set forth in *de Montigny* should be followed:

"If further proceedings are desired upon the order to show cause why custody should not be transferred to Lionel de Montigny, the petition shall be resubmitted to the trial judge; and prior to service of the order to show cause, a guardian *ad litem* shall be appointed and service be made upon him at the same time that service is made upon the respondent to the order to show cause. In the event of further proceedings, the guardian *ad litem* shall be given full opportunity to represent the interests of the children and shall have all the rights and responsibilities of counsel for parties to a cause of action. The guardian *ad litem* shall be appointed in sufficient time to make a full and adequate investigation, to prepare for trial, to consult with social service agencies, and to subpoena witnesses." *de Montigny, supra,* page 142.

Plaintiff, Gary Bahr, also complains in his brief that the trial court made use of an independent in-

vestigator to counsel him in respect to the custody of the children and that the identity of this investigator was not revealed to the parties nor was his report ever put into evidence.

Defendant, Melanie Bahr, argues that the use of the investigator was in the earlier proceedings and is not before us on this appeal. While such is the case, and the use made of the investigator has no effect on the appeal before us, we advise that such use of an independent investigator is error. In the earlier proceedings the trial judge stated that, in making his decision to continue custody with Melanie, he did so only after reviewing the matter with the investigator. The investigator apparently made an oral report to the judge. This report was not disclosed to either party, nor was the investigator identified during the proceeding. Such use of the report of a special investigator is error, for the right of cross-examination is denied and the report' does not become a part of the record of the court. *Block v. Block* (1960), 9 Wis. 2d 378, 101 N. W. 2d 101; *Wunsch v. Wunsch* (1945), 248 Wis. 29, 31, 20 N. W. 2d 545. In discussing the holding of *Wunsch,* Konnak, in *Survey of Wisconsin Domestic Relations Law, 1946–1953,* 1954 Wis. L. R. 464, at page 490, said:

"This is a salutary rule and will act as a warning against the unofficial supplementation of the record by reports from social workers, psychiatrists and others directly to the court. It is not that these reports are not valuable, but when they are made copies should be supplied to counsel on both sides and an opportunity to cross-examine the person making them should be provided."

We should also refer to the proceedings that took place while this matter was pending on appeal. On July 16, 1975, the trial judge in an *ex parte* hearing ordered

the transfer of custody to the husband, Gary. This court on writ of certiorari and on writ of prohibition on August 27, 1975, vacated the July 16, 1975, order as constituting a denial of due process and prohibited the trial judge from conducting further proceedings while this matter was pending on appeal. Upon remand of the appeal record, the writ of prohibition is dissolved.

Because of violations of the rules concerning the form and content of the brief and appendix of the appellant, no costs are allowed on this appeal.

*By the Court.*—Order vacated, and record remanded for further proceedings not inconsistent with this opinion; no costs allowed.