HAUGEN, Respondent, v. HAUGEN, Appellant.

*No. 76–062. Submitted on briefs February 8, 1978.—
Decided March 7, 1978.*
(Also reported in 262 N.W.2d 769.)

For the appellant the cause was submitted on the briefs of *Curry First* and *Perry & First, S.C.* of Milwaukee.

For the respondent the cause was submitted on the brief of *Morton Gollin* and *Stupar, Gollin & Schuster, S.C.* of Milwaukee.

HANLEY, J. The following issues are raised on this appeal:

1. Did the trial court commit reversible error in failing to make specific findings of facts?

2. Did the trial court commit reversible error in failing to have recorded the following events:

a. the in-chambers meeting with the children;

b. the in-chambers meeting with the guardian *ad litem;* and

c. the "closing arguments" of the guardian *ad litem?*

3. Did the trial court abuse its discretion in refusing to award the custody of the children to the father?

*Adequacy of Findings and Conclusions*

At the outset, we note that the hearing now on review was the first judicially supervised contest for the children's custody. On the basis of the record before this

court, the custody was originally granted to the mother pursuant to a stipulation of the parties made during the pendency of the divorce action. The mother, however, points out that the stipulation was made only after a demand for custody evaluation had been made during the divorce proceedings, an answer to the divorce complaint had been filed, a guardian *ad litem* had been appointed, and a report had been made by the Department of Social Services. Under these circumstances, the mother argues that the matter of custody was contested during the divorce proceedings, and that even though the matter was then resolved by stipulation, the father should be required to prove a change in circumstances justifying a transfer of custody.

Recently, in *Marotz v. Marotz,* 80 Wis.2d 477, 483–84, 259 N.W.2d 524 (1977), this court reiterated the rule that

". . . [i]f a contest for custody develops after it has been initially granted to one of the parties by stipulation, the court is then required to conduct a full-scale custody hearing, with psychological studies of the parties and children if necessary, in the redetermination of custody. *Freye v. Freye,* 56 Wis.2d 193, 196–97, 201 N.W.2d 504 (1972). The approval of a custody stipulation itself does not necessarily involve an evaluation of both parents to determine in whose custody the child's best interests are promoted; rather, the award of custody upon stipulation is usually based merely on the determination that the party to whom custody is stipulated is capable of caring for the child. *Freye v. Freye, supra* at 196–97."

It is because there has been no judicial resolution to the matter of custody in a custody award by stipulation, in which the court has made findings of fact as to the fitness of both parties seeking custody and as to the best interests of the child, that a full-scale hearing, in which both parties must prove fitness, is necessary. The changes of circumstances necessary to alter the custody arrange-

ment after such a hearing must be relative to the conditions established at a previous full-scale hearing.

Here, the trial court did not make adequate findings of fact. No formal findings were made, although the court did make an extensive statement from the bench at the conclusion of the hearing.

A court must at least make ultimate factual findings with regard to the fitness of the parent to have custody and with regard to the best interests of the child in relation to the evidence adduced. *Lavota v. Lavota*, 70 Wis.2d 971, 973–74, 236 N.W.2d 224 (1975). This court has repeatedly emphasized the importance that such findings be made. *See, e.g., Marotz v. Marotz, supra; Bahr v. Galonski*, 80 Wis.2d 72, 80–81, 257 N.W.2d 869 (1977); *Kraemer v. Kraemer*, 67 Wis.2d 319, 227 N.W.2d 61 (1975); *Cary v. Cary*, 47 Wis.2d 689, 691–92, 177 N.W.2d 924 (1970).

In the past, this court has stated that when there is a failure to make adequate findings of fact, it may pursue one of three courses; (1) affirm the judgment if clearly supported by the preponderance of the evidence, (2) reverse if not so supported, or (3) remand for the making of findings and conclusions. *Kraemer v. Kraemer, supra* at 320. However, when findings concerning the custody of minor children are found to be inadequate, this court has limited itself to the course of remanding the case for findings: "where a trial court has failed to make any findings in regard to the best interests of the minor children or the relative fitness of each parent to have custody, the case must be remanded." *Lavota v. Lavota, supra* at 976.

This case must likewise be remanded so that findings of fact may be formulated. Since the case must be remanded for findings we do not reach the issue relating

to the propriety of the award of custody. However, we will discuss the remaining issue involving the adequacy of the record.

*Adequacy of the Record*

The father points out various omissions of the record as grounds for remand. These omissions include the failure of the record to reflect the in-chambers conversation between the minor children and the court, the court's in-chambers consultation with the guardian *ad litem,* and the guardian *ad litem's* closing statements.

As a general rule, this court has long held trial courts involved in domestic matters to the procedures governing other judicial proceedings:

"While the right to the custody of a minor child of tender years is a matter very largely in the discretion of the trial court, still a contest as to that matter is a judicial proceeding and the discretion must be exercised on legal grounds, and the determination of the court is subject to review as in other cases . . . . A contest between parents as to the custody of a child is clearly a judicial and not an administrative matter and the procedure governing judicial proceedings should govern." *Wunsch v. Wunsch,* 248 Wis. 29, 31, 20 N.W.2d 545 (1945).

In *Wunsch, supra,* this court held that the trial court erred in basing its custody order in part on a report by the department of domestic conciliation which was not part of the record, and therefore remanded the case for further proceedings. Later, in *Shewalter v. Shewalter,* 253 Wis. 51, 33 N.W.2d 189 (1948), this court held that a trial court may not take into consideration statements of counsel made in chambers, affidavits and motions of parties and proposed exhibits not offered in evidence, in granting a divorce.

Here, the trial court conducted a brief conference with the children of the parties in chambers. No record was made of what transpired during this meeting, but what

was said apparently had some bearing on the court's decision, for at the conclusion of its oral decision the court stated: "But in talking to those two youngsters, those young children, I cannot find that the mother is not providing adequate care at this time or that the father could provide more superior care."

Under the rules promulgated by this court, trial courts may in their discretion call and interrogate witnesses, and the right of the parties to cross-examine such a witness may, as was done here, be waived. Sec. 906.14, Stats. However, when a trial court confers with the minor children in chambers, a record of the event should be made as a matter of course. In *Seelandt v. Seelandt*, 24 Wis.2d 73, 80–81, 128 N.W.2d 66 (1964), two ways of making a record of such a meeting were suggested:

"One would be to have the reporter in chambers during the conference and have him record what there transpired under instructions not to translate his shorthand notes nor file the transcript thereof unless an appeal is taken. The second would be to have the trial judge dictate into the record the gist of what the child told him in conference."

Since the case must be remanded, the practical problem posed is thus: does the failure of the court to record the conference with the children require a new hearing? The father asserts that it does. This is not necessarily so. Inasmuch as the personal preference of a child is not a controlling consideration on the issue of custody unless the child gives substantial reasons why it would be against his or her best interests to award custody contrary to such expressed preference (*Seelandt v. Seelandt, supra* at 80; *Edwards v. Edwards*, 270 Wis. 48, 56b, 70 N.W.2d 22, 71 N.W.2d 366 (1955)), and that the omission from the record of matters not entering into the

decision to award custody is not harmful error (*Shewalter v. Shewalter, supra*), the findings of fact may be made on the current record if, on remand, the trial court believes that it adequately provides a proper basis.

A more serious matter is the father's contentions relating to the failure of the record to reflect the court's in-chambers conversation with the guardian *ad litem* and the guardian's "closing arguments."

Recently, in *Allen v. Allen*, 78 Wis.2d 263, 267–68, 254 N.W.2d 244 (1977), this court discussed the necessity for and function of the guardian *ad litem* in proceedings affecting the custody of minor children:

"This court has long advocated the appointment of a guardian *ad litem* to represent the interests of minor children in custody matters. Sec. 247.045, Stats., now requires such appointment whenever the court has reason for special concern as to the future welfare of the minor children. The guardian *ad litem* serves a twofold purpose. He acts as an advocate and legal representative to protect and advance the best interests of the children. In such capacity, he possesses all the rights, powers and obligations normally accorded to a legal advocate in a trial setting . . . . The guardian *ad litem* also acts as a representative appointed to counsel and consult with the trial judge concerning the custody issue." [Citations omitted].

Inasmuch as the guardian *ad litem* is considered as the legal advocate of the children, several observations are appropriate. The guardian may call, examine and cross-examine witnesses just as the attorneys for the parents do. And, insofar as it remains in the nature of an advocate's closing argument, his closing remarks need not be recorded. His opinion is not an expert's opinion but rather an advocate's opinion. Therefore, although it would be better procedure to record any in-chambers consultation of the guardian *ad litem*, it is not reversible error when, as here, such a record is not made. Moreover,

the failure to record the guardian *ad litem's* closing remarks was not error when, as here, the attorneys for the parties had ample opportunity to contest his opinions and assertions.

We note that the written report of the social investigator, which was filed with the trial court, was not included in the appellate record. Indeed, it is not clear whether the report was admitted into evidence, although the examination of the investigator demonstrates that all parties had received copies of it. Had it been necessary to reach the father's last issue relating to the merits of awarding custody to the mother, this report would have been a material exhibit to the appeal and a necessary element of the appellate record under sec. 251.25(10), Stats. *See also, Bahr v. Bahr,* 72 Wis.2d 145, 150, 240 N.W.2d 162 (1976).

The portion of the order denying defendant's motion for a change of custody is vacated and the cause is remanded for further proceedings consistent with this opinion.

*By the Court.*—Order vacated and cause remanded for further proceedings consistent with this opinion.