IN the MATTER OF the TERMINATION OF PARENTAL RIGHTS
TO T.R.M.:

Cornell MINGUEY, Appellant-Petitioner,

v.

Cindy L. BROOKENS, Respondent.

Cindy L. BROOKENS, Cross-Appellant,

v.

Richard WERNER, as guardian *ad litem* for T.R.M., and
Cornell Minguey, Cross-Respondents.

Supreme Court

*No. 79–240. Argued February 2, 1981.—Decided March 31, 1981.*

(Also reported in 303 N.W.2d 581.)

For the petitioner there were briefs by *James H. Fowler, III* and *Brennan, Steil, Ryan, Basting & MacDougall, S.C., of Janesville,* and oral argument by *Mr. Fowler.*

For the respondent there was a brief by *Gilbert D. Sedor, Jack C. Hoag* and *Sedor & McDonald, S.C.,* of Janesville, and oral argument by *Gilbert D. Sedor.*

BEILFUSS, C.J.   This is a review of a decision of the court of appeals which affirmed an order terminating the parental rights to T. R. M., entered by the Circuit Court for Rock County, SVERRE ROANG, Circuit Judge.

On July 11, 1977, Cindy Lou Brookens, the natural mother of T. R. M., filed a petition seeking the termination of parental rights of T. R. M.'s natural father, Cornell Minguey. The petition was filed in accord with the provisions of sec. 48.40 *et seq.,* Stats. 1975,[1] and specifi-

---

[1] The statutes relating to the termination of parental rights have been substantially revised since the commencement of this proceeding. *See* Laws of 1979, ch. 330, sec. 6.

cally sought an order for termination based on the provisions of subs. (a), (b) and (c) of sec. 48.40(2).[2] Cindy Lou Brookens, in her petition, alleged that T. R. M. was born on March 16, 1967, during her marriage to Cornell Minguey. The marriage ended in a divorce. She has had the custody of T. R. M. pursuant to a court order. It was further alleged that Cornell Minguey had abandoned T. R. M.; that he had substantially and continuously refused to provide the parental care necessary for the child's well-being; and that he had substantially and continuously neglected to pay for necessary subsistence, education, and other care when legal custody was lodged with the petitioner Cindy Lou Brookens.

Several hearings on the petition were conducted during late 1977 and early 1978. Both parents appeared at the hearings and a court-appointed guardian *ad litem* was present to represent the interests of T. R. M. The trial judge issued a lengthy memorandum decision at the close of the proceedings. In this decision the court indicated that it was of the opinion that the petitioner had established grounds for termination under sec. 48.40(2) (b) and (c), Stats. 1975, but had not established aban-

---

[2] Sec. 48.40(2)(a), (b) and (c), Stats., 1975, provides:

". . . The court may, upon petition, terminate all rights of parents to a minor in any of the following cases:

". . .

"(2) If it finds that one or more of the following conditions exist:

"(a) That the parents have abandoned the minor; or

"(b) That the parents have substantially or continuously or repeatedly refused or neglected or are unable for a prolonged indeterminate period to give the minor the parental care and protection necessary for his health, morals or well-being; or

"(c) That, although the parents are financially able, they have substantially and continuously neglected to provide the minor with necessary subsistence, education or other care necessary for his health or well-being or have neglected to pay for such subsistence, education or other care when legal custody is lodged with others."

donment under sec. 48.40(2)(a). The trial court also indicated that it was in the best interests of the child to order termination of Cornell Minguey's parental rights. Counsel for the petitioner was directed to prepare a termination order and was further directed to include in the order appropriate findings of fact and conclusions of law in accord with the court's memorandum decision.

An order terminating the parental rights of Cornell Minguey was entered by the trial court. It contained certain findings. With respect to the grounds for termination, the order provided:

"5. That grounds exist for termination of parental rights to said child in that the parent Cornell F. Minguey has substantially or continuously or repeatedly refused or neglected or was unable for a prolonged indeterminate period to give the minor the parental care and protection necessary for his health, morals or well-being; that, while said parent was financially able, he substantially and continuously neglected to provide the minor with necessary subsistence, education or other care necessary for his health or well-being or has neglected to pay for such subsistence, education or other care when legal custody is lodged with others."

There was no specific finding that the termination was in the best interests of T. R. M. set forth in the order.

In a separate order the court directed the petitioner to pay the fees of the guardian *ad litem.*

Cornell Minguey appealed from the order terminating his parental rights, and Cindy Lou Brookens prosecuted a cross-appeal contesting the order directing her to pay the fees of the guardian *ad litem.* In reliance upon the trial court's memorandum decision, the court of appeals found that the court's determination was not against the great weight and clear preponderance of the evidence. The court of appeals also concluded that the imposition of the guardian *ad litem* fees is a matter within

the discretion of the trial court, and finding no abuse of discretion the order assessing fees against Cindy Lou Brookens was affirmed.

This review involves two issues:[3]

1. Whether the trial court made adequate findings of fact and, if no such findings were made, what effect does this failure have on this disposition of this case.

2. Whether the fees of the guardian *ad litem* were properly assessable against the mother of T. R. M. as ordered by the trial court.

Cornell Minguey maintains that the findings made by the trial court were insufficient to support the order of termination entered against him. We agree, and for the reasons set forth below, we conclude that this cause must be remanded to the trial court for the purpose of making proper findings of fact and conclusions of law.

Although the termination order in this case included within its text some findings of fact,[4] these findings were inadequate. They are wanting in two respects. With reference to the factual grounds supporting a termination order under sec. 48.40 (2), Stats 1975, no specific findings of fact were made. While the memorandum of the trial court is extensive and sets forth much of the evidence, it does not resolve the important matters of disputed facts necessary to support the termination order.

---

[3] The petitioner has also claimed that as a matter of law the evidence adduced at the hearings will not support a finding of grounds for termination under sec. 48.40(2), Stats. 1975. It is also argued that the trial court abused its discretion in finding that an order of termination was in the best interests of T. R. M. We do not reach these issues in light of the conclusion we reach in this case.

[4] Sec. 805.17(2), Stats., mandates a procedure whereby the court is to file its findings and conclusions prior to rendering judgment. The terms of this statute contemplate a formal filing which is separate from the final judgment of the court. No such formal filing was made in this case.

Secondly, there is no specific finding that the termination order would be in the best interests of T. R. M.

In all matters tried before a court, the trial court must make findings of ultimate facts upon which the judgment of the court rests.[5] Adequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court. "The test of adequacy implies consideration and determination of the issuable facts which the party seeking to prevail adduced in support of his contentions." *Cary v. Cary, supra,* 47 Wis.2d at 692. "Specific findings as to facts established . . . at the trial are required." *Id. See also McMurtrie v. McMurtrie,* 52 Wis.2d 577, 579, 191 N.W.2d 43 (1971).

Measured against this standard, the trial court findings regarding the grounds for termination under sec. 48.40(2), Stats. 1975, are inadequate. Inclusive of all of the statutory disjunctives, the finding merely repeats the language of sec. 48.40(2). It is not a sufficient finding.

The trial court findings are also deficient with respect to a lack of a specific and formal determination regarding the best interests of T. R. M. Where this is an issue in a court proceeding, the trial court is under an obligation to make findings with regard to the best interests of the child in relation to the evidence adduced. *Haugen v. Haugen,* 82 Wis.2d 411, 415, 262 N.W.2d 769 (1978). *See also Kraemer v. Kraemer,* 67 Wis.2d 319, 320, 227 N.W.2d 61 (1975). The failure to make this formal finding in and of itself is cause for remand of the matter for completion of the record. *Haugen v. Haugen, supra* at 415.

---

[5] Sec. 805.17(2), Stats. *See also Cary v. Cary,* 47 Wis.2d 689, 692, 177 N.W.2d 924 (1970); *Walber v. Walber,* 40 Wis.2d 313, 319, 161 N.W.2d 898 (1968).

As a general matter, when faced with inadequate findings, an appellate court may: (1) look to an available memorandum decision for findings and conclusions; (2) review the record anew and affirm if a preponderance of the evidence clearly supports the judgment; (3) reverse if the judgment is not so supported; or (4) remand for further findings and conclusions. *See Haugen v. Haugen, supra,* 82 Wis.2d at 415; *Lavota v. Lavota,* 70 Wis.2d 971, 236 N.W.2d 224 (1975). *See also* sec. 805.17 (2), Stats.

As was noted above, the record in this case includes a memorandum decision filed by the trial court. Sec. 805.17(2), Stats., provides that where such a decision is filed "it will be sufficient if the findings of ultimate fact and conclusions of law appear therein." The terms of this provision do not mandate acceptance of a memorandum decision as a substitute for findings and conclusions. Although generally a trial court's memorandum decision will supply a basis for meaningful review, we have previously expressed a preference for remanding the matter to the trial court when confronted with inadequate findings in family law or domestic relations cases.

In *Cary v. Cary, supra,* 47 Wis.2d at 691, quoting *Walber v. Walber, supra,* 40 Wis.2d at 319, the court wrote:

"No formal findings of fact or conclusions of law were made or entered in this case. Where this is the situation, this court may look to the written decision of the trial court for facts found upon which the judgment is based. We may do so, but we need not do so. In fact, in contested domestic relations and family-law cases, '. . . we are inclined to . . . remand the case for the making of additional findings. . . .' . . . ."

In domestic law controversies, filial relationships are affected in a fundamental and radical manner. These

relationships are basic to our social structure and in the absence of a factual basis for legal interference with the family, these social bonds should not be disturbed. When such essential interests are at stake, we are reluctant to sift through a memorandum decision in order to pick and choose those portions which appear to be tantamount to findings of fact and conclusions of law.

The trial court is in a much superior position to observe the witnesses and to properly determine the credibility of the witness and the weight of the evidence.

This case involves a matter of the termination of parental rights. As much as an action affecting the family under ch. 767, Stats., this proceeding under the juvenile code implicates the fundamental rights of a parent. Indeed the effect of a termination order is more drastic than a custody determination in a divorce proceeding. The rights of the parent must be accorded a high order of respect and must be considered paramount until circumstances show that the parent has forfeited these rights. *In re Fish,* 246 Wis. 474, 477, 17 N.W.2d 558 (1945). For these reasons our reluctance to accept a memorandum decision as a substitute for findings of fact and conclusions of law in divorce matters is equally applicable to this proceeding. We decline to rely upon the memorandum decision in this case as the trial court's findings and conclusions.

We also decline to review the record anew to make our own determination in this matter although, as noted above, we do have the authority to do so. An examination of a record seldom is adequate to make the necessary factual determinations that are a part of this type of controversy. As we stated in *Cary v. Cary, supra,* 47 Wis.2d at 691, we are inclined in these matters to remand for adequate findings. We conclude that such a remand must be ordered in this case.

Cindy Lou Brookens has prosecuted a cross-appeal from the order of February 21, 1979, assessing the fees of the guardian *ad litem* against her. The question presented concerns who is liable for guardian *ad litem* fees in a proceeding to terminate the rights of a parent.

Sec. 256.48, Stats.,[6] 1975 is the general section governing the payment of compensation to a court-appointed guardian *ad litem*. Sub. (1) of sec. 256.48 provides that the guardian *ad litem* "shall be allowed reasonable compensation for his services. . . ." Sub. (2) requires that "[i]f the statutes do not specify how the fee of the guardian is paid, the ward shall pay such fee." A proceeding to terminate the rights of a parent is a matter under ch. 48, the Children's Code.

In this case the court appointed a guardian *ad litem* pursuant to its authority under sec. 48.25, Stats. 1975. Statutory provisions regarding the duties and method of compensation of the guardian *ad litem* under ch. 48 are found at sec. 48.02(8). That section provides:

" 'Guardian ad litem' means a person appointed to protect the interest of a minor or an incompetent in a particular court proceeding. He has none of the rights of a general guardian. He shall be an attorney admitted to practice in this state, shall be appointed in the manner provided for appointment of guardians ad litem in county court, and shall be allowed reasonable compensation to be paid by the county in which the proceeding is held, on order of the court."

The language of this section requires that upon the order of the court the county shall compensate the guardian *ad litem*. We do not read these statutes to vest the court with discretion to assess the fees against either or both of the parents. The order assessing fees against Cindy Lou Brookens must be vacated. On remand the

---

[6] Sec. 256.48, Stats., has been renumbered and is presently codified sec. 757.48.

trial court will have an opportunity to enter a new order in light of secs. 48.02 and 256.48.

We take notice that the trial judge, Honorable SVERRE ROANG, has retired from the bench. We also notice Judge Roang is a reserve judge. Upon remand this matter may be assigned to Judge Roang, assuming he is willing to accept the assignment.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.