PENN, Respondent, vs. PENN, Appellant.

*November 9—December 3, 1918.*

*Divorce: Denial: Custody of children: Separate support.*

Under sec. 2366, Stats., a judgment denying a divorce may award to the wife the custody of the minor children and require the husband to pay a reasonable amount for her and their support living apart from him; and such a judgment in this case is *held* not to have been an abuse of discretion.

APPEAL from a judgment of the circuit court for Shawano county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This is an action for divorce brought by plaintiff against the defendant on the ground of cruel and inhuman treatment. The court denied the plaintiff a divorce and found as follows: That the plaintiff and defendant were married as is alleged in the complaint; that the issue of said marriage is correctly described in said complaint; that the defendant has been guilty of a certain amount of cruel and inhuman treatment, which treatment consists more of the nature of causing the plaintiff mental anguish than of violence; that the plaintiff and defendant, through the mutual misconduct brought about by both parties herein and through outside interference, have caused a condition that has made their married life very unhappy, and that said condition has been provoked largely by the fault and misconduct of the defendant.

The court adjudged (1) that the relief prayed for by the plaintiff be denied without prejudice; (2) that the defendant pay to the clerk of the court for use of the plaintiff and her children and for their support and maintenance the sum of $30 per month, the first payment to be made March 1, 1918; (3) that the defendant pay to the plaintiff $125, being the amount necessarily expended by the plaintiff for support pending this action over and above the amount received from the defendant; (4) that the care and custody of the children, John Thomas Penn and Richard Blair Penn, be awarded to the plaintiff, with the right of the defendant to visit them at reasonable times, not exceeding two hours at each time. Defendant appealed from the judgment.

*Arthur Goodrick* of Antigo, for the appellant.

For the respondent the cause was submitted on the brief of *Eberlein & Larson* of Shawano.

KERWIN, J. The only errors assigned are (1) that the court erred in requiring the defendant to support the plaint-

iff living apart; (2) that the court erred in giving the custody of the children to the plaintiff.

Sec. 2366, Stats., provides:

"In a judgment in an action for a divorce, although such divorce be denied, the court may make such order for the support and maintenance of the wife and children, or any of them, by the husband or out of his property as the nature of the case may render suitable and proper."

The judgment entered was authorized by this statute. *Voss v. Voss,* 157 Wis. 430, 147 N. W. 634.

The findings set out in the statement of facts are well supported by the evidence. The judgment entered is within the terms of the statute and the amount ordered paid for support of plaintiff and her children reasonable, probably not much if any more than sufficient to suitably support and maintain the two minor children.

No claim is made that the statute is not valid, and the judgment being authorized by the terms of the statute and in strict conformity therewith, and there being no abuse of discretion on the part of the court below, we cannot disturb the judgment.

*By the Court.*—The judgment is affirmed.