ADAMS, Appellant, vs. ADAMS, Respondent.

*October 10—November 8, 1922.*

*Trial: Findings: Opinion of court: Object and purpose of each: Divorce: Awarding custody of minor child to father.*

1. The parties to an action are entitled to a determination by the trial court of the issuable facts, and a failure to make such determination and file such findings as are required by sec. 2863, Stats., is a disregard of duty and deprives a party of a right to which he is entitled.

2. Opinions by the trial court, while helpful and required by the rules of this court to be returned with the record, are not findings nor are they part of the record.

3. While an opinion by the trial court may contain sufficient findings to sustain the judgment, and the judgment will not

be reversed because not in proper form, nevertheless where material findings are omitted there may be ground for re-
· versal.

4. Sec. 2366, Stats., providing that in an action for a divorce, although the divorce be denied, the court may make an order for the support and maintenance by the husband of the wife and children, permits, on denial of the divorce, the award of the custody of a child to its father, with the duty imposed on him to support it.

APPEAL from a judgment of the county court of Columbia county: A. F. KELLOGG, Judge. *Affirmed.*

· Divorce. Plaintiff brought this action against the defendant to dissolve the marriage entered into between the parties on October 21, 1908. It appears that there is one child, the issue of said marriage, born April 10, 1910. The charge is that the defendant is guilty of cruel and inhuman treatment of the plaintiff, which has been practiced by physical violence and other means, and many instances of such alleged cruel and inhuman treatment are set out in the complaint, which we shall not state here.

It appears that the parties are possessed of but little property; that the defendant operates and conducts an hotel at Adams, Wisconsin.

The case was fully tried, and at the close of the trial the court denied the prayer of the plaintiff's complaint and awarded the care and custody of the daughter of the parties to the defendant pending reconciliation of the parties. From the judgment entered the plaintiff appeals.

For the appellant the cause was submitted on the briefs of *Lueck, Clark & Lueck* of Beaver Dam.

*John T. Lindsay* of Adams, for. the respondent.

ROSENBERRY, J. On behalf of the plaintiff it is contended, first, that the findings of the court are against the clear preponderance of the evidence; second, that the findings are insufficient to support the judgment; and third, that

the plaintiff is entitled to the custody of the child. The record in this case does not make pleasant reading, and the state of the evidence is such that a determination by the trial court either way upon the evidence could not be disturbed. Whatever our determination might be if the evidence were before us as an original proposition, we cannot say that the determination of the trial court was contrary to the great weight and clear preponderance of the evidence. To set out the evidence would require many pages of recitals and serve no useful purpose and make an imperishable record of what under the circumstances may be very well forgiven and forgotten.

At the close of the trial the judge filed what are called opinion and findings. The findings are not in the form prescribed and are not in compliance with sec. 2863, Stats. Much has been written in this state in regard to the character and form of the findings which a trial court should find on determining issues presented in a case. Now that an appeal may be taken directly from the judgment of the county court to this court, county judges should observe with care what has been said in regard to the form of findings to be filed. While opinions are helpful they are not findings and they are not made by statute a part of the record, although required by the rules of this court to be returned therewith.

"The object of the statute in requiring a finding of facts and conclusions of law seems to be not only to show what was really adjudicated, but to facilitate a review of the case on appeal upon exceptions to the findings." *Dietz v. Neenah,* 91 Wis. 422, 64 N. W. 299, 65 N. W. 500.

The difference between an opinion, objects and purposes to be served thereby, and findings required by sec. 2863, Stats., is fully discussed in *Cointe v. Congregation of St. John the Baptist,* 154 Wis. 405, 143 N. W. 180. While here, as there, there are sufficient findings to sustain the judgment and the judgment will not be reversed because

not in proper< form, nevertheless where material findings are omitted there may be ground for reversal. *Fischbeck v. Mielenz,* 119 Wis. 27, 96 N. W. 426.

Parties are entitled to a determination of the trial court as to the issuable facts, and failure to make such determination amounts to a disregard of duty and deprives a party of a right to which he is entitled.

Error is also assigned because the judge awarded the custody of the minor child of the parties to the husband. This award was made under the provisions of sec. 2366, Stats.:

"In a judgment in an action for a divorce, although such divorce be denied, the court may make such order for the support and maintenance of the wife and children, or any of them, by the husband or out of his property as the nature of the case may render suitable and proper."

While it has been held that under the terms of this statute provision may be made for the support of wife and children apart from the husband (*Penn v. Penn,* 168 Wis. 267, 169 N. W. 558), we see no reason why support for a child may not be provided by awarding its custody to the parent entitled thereto in the opinion of the court. If custody may be awarded to the wife and maintenance be required from the husband, we see no reason why the maintenance may not be provided by awarding the custody to the father and requiring him to support the child. As has been repeatedly held by this court, the matter of the custody of children in divorce actions is a matter peculiarly within the jurisdiction of the trial court, who has seen the parties, had an opportunity to observe their conduct, and is in much better position to determine where the best interests of the child lie than is an appellate court.

*By the Court.*—Judgment affirmed.

OWEN, J., dissents.