LACHAPELL and wife, Intervenor Plaintiffs and Appellants, v. MAWHINNEY, Respondent.

*No. 8. Submitted under sec. (Rule) 251.54 January 7, 1975.—Decided February 5, 1975.*
(Also reported in 225 N. W. 2d 501.)

680

The cause was submitted for the appellants on the brief of *Leo H. Hansen, William T. Henderson* and *Hansen, Eggers, Berres & Kelley, S. C.,* all of Beloit; and for the respondent on the brief of *Patrick J. Rude* and *Murphy, Rude & Forrestal,* all of Janesville.

HANLEY, J. Two issues are presented on this appeal:

1. In child custody cases involving a dispute between a surviving spouse and the maternal grandparents, is the doctrine of the best interests of the child an element to be considered in awarding custody?

2. Should a guardian *ad litem* have been appointed for the two children?

*Custody—best interests doctrine.*

In determining that custody of the two children here should be granted to William Mawhinney, the trial court felt that under *Ponsford v. Crute* (1972), 56 Wis. 2d 407, 202 N. W. 2d 5, it had no choice but to award custody to the surviving natural parent unless it could find him to be unfit or unable to care for the children. We do not agree. The conclusion reached by this court in *Ponsford* should not be interpreted as laying down an inflexible rule, that in every case involving a dispute between the natural father or mother and grandparents for the custody of the children, the doctrine of the best interests of the children cannot prevail. As a general matter, but not invariably, the child's best interest will be served by living in a parent's home. However, if circumstances compel a contrary conclusion, the interests of the child, not a supposed right of even a fit parent to have custody, should control. There well may be cases where it would

be detrimental to the best interests of the child to award custody to a surviving spouse.

The trial court in making its decision stated that the fact situation in the present case is "almost exactly the same situation as in the case of *Ponsford v. Crute.*" We think there is a substantial difference in the factual situation of the cases. *Ponsford* involved the custody of a four-year-old child. In an earlier action, after the mother died, the father sought custody of the child. Custody was denied primarily because the child was two years old and the father was in the military service. The court found under the circumstances the father could not adequately care for the child.

In the later action which was considered on appeal to this court, it was established that the father had remarried, that he was released from military service and had obtained a good job. Under the circumstances in *Ponsford* there was no question as to where the best interests of the child lay.

In the instant case we are concerned with the custody of children approximately thirteen and ten years old. The children hardly know the father. Between the time of divorce in 1965 and Alice Mawhinney's death in 1973, a period of eight years, the father only visited his children twice. Here the trial court made findings that prior to the death of Alice Mawhinney, the father had abandoned the children, that he had failed to provide necessities for them, that he had failed to display any interest whatsoever in the children and had illicitly lived with a woman he has since married. Here the children have expressed a desire to remain with the grandparents.

Under the facts and circumstances of this case we think the trial court was in error in not considering the best interests of the children in awarding custody. We, therefore, determine that the cause must be remanded and that the trial court should consider anew where the best interests of the children lie.

*Guardian ad litem.*

No guardian *ad litem* was appointed for the two children involved in this custody matter. Sec. 247.045, Stats., provides in part:

> "**Guardian ad litem for minor children.** In any action for an annulment, divorce, legal separation, or otherwise affecting marriage, when the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children. . . ."

The instant case is one in which the trial court should have appointed an attorney to serve as guardian *ad litem* for the children. Under the facts and circumstances established in this case a guardian *ad litem* would have aided the trial court in fully considering whether the welfare of the children might not be best served by their remaining in the home of the maternal grandparents. In addition, the guardian *ad litem* can investigate the financial condition of the parties to determine whether they are motivated by the fact that the children receive a total sum of $207 per month social security benefits.

Since there has been no adequate inquiry into what is in the best interests of the children the cause must be remanded for further proceedings. We direct the trial court to appoint a guardian *ad litem* to represent and speak for the best interests of the children at the new hearing.

*By the Court.*—Order reversed and cause remanded for further proceedings not inconsistent with this opinion.

WILKIE, C. J. *(concurring)*. While I have no objection to the remand here to consider the placement of custody of the children on the basis of what is in their best interests, I am convinced, on this record, that the plaintiff husband was unfit as a matter of law. Unfitness is more than a matter of "morals." As a matter of fact, the

statute dealing with care and custody of minor children describes unfitness in these terms:

"247.24 . . . if the court finds either that the parents are unable to adequately care for any such child or are not fit and proper persons to have the care and custody thereof, . . ."

Fitness then is measured in terms of ability to adequately care for a child.[1]

The evidence here shows conclusively that the father was unfit at the time of the custody hearing. Although the father, at the time of the custody hearing, had made a substantial about-face in his moral conduct, there is little in the record to indicate any substantial concern for the welfare and care of his children. He had seen them very infrequently over the years and was badly delinquent in the payment of support for them. There is no question in my mind but that the trial court's finding of fitness on the part of the father at the time of the hearing is against the clear preponderance and great weight of the evidence.

I have been authorized to state that Mr. Justice BEILFUSS joins in this concurrence.

---

[1] *Dees v. Dees* (1969), 41 Wis. 2d 435, 164 N. W. 2d 282; *Larson v. Larson* (1966), 30 Wis. 2d 291, 140 N. W. 2d 230.