KUESEL, Respondent, v. KUESEL, Appellant.

*No. 75–41. Submitted on briefs November 5, 1976.—
Decided November 30, 1976.*
(Also reported in 247 N. W. 2d 72.)

For the appellant the cause was submitted on the brief of *Phillip M. Steans* and *Solberg, Steans & Joyce* of Menomonie.

For the respondent the cause was submitted on the brief of *Gavic, Richardson & Skow* of Spring Valley.

BEILFUSS, C. J. The defendant-appellant, Lola J. Kuesel, and the plaintiff-respondent, William E. Kuesel, were married on December 31, 1971. A child, Jamie, was born on May 25, 1972. The husband William worked at night. In early March of 1974, William returned home at 2 a.m., and found his wife entertaining another man. After a discussion about it Lola left the home of the parties the same day, leaving Jamie with William. William commenced this action on March 11, 1974. His principal complaint was an allegation of improper associations with other men on the part of his wife Lola.

After the commencement of the action Lola sought to obtain custody of Jamie by order to show cause. The

family court commissioner was attempting to effect a reconciliation and for that reason requested the judge of the county court having jurisdiction of the action to hear the temporary custody motion. The County Judge, WILLIAM H. BUNDY, agreed to hear the motion, appointed a guardian *ad litem* for Jamie and directed the Dunn County Social Services Department to make an investigation and report. Two rather extensive hearings were held. The social services department recommended Jamie remain with the father and the guardian *ad litem* recommended his custody be given to the mother. Judge BUNDY, by temporary order, granted the custody to Lola, the mother.

Prior to the trial of the action the plaintiff William filed a request for substitution of judge. This request was honored and County Judge MARSHALL NORSENG was appointed and took jurisdiction as Acting Judge of the Dunn County Court.

After a trial on December 13, 1974, an absolute divorce was granted to William on the ground of cruel and inhuman treatment and the custody of Jamie was awarded to the father William. Post-judgment motions were made and denied by order after a hearing on February 18, 1975.

Additional facts concerning the merits of the custody determination will be set forth below.

The appellant-wife contends that the respondent-husband had the burden of showing a substantial change in circumstances because of a prior exhausting custody hearing preceding the temporary order and that he failed to meet that burden.

An extensive hearing was conducted upon a temporary custody motion and we will assume it was more exhaustive than the usual hearing for temporary custody in a divorce action.

While the record of the temporary hearing may be relevant at the trial of a divorce action wherein the

custody of minor children is at issue, it is not controlling, and neither party has the burden of proving a material change in circumstances to warrant an award of custody different than that ordered as a result of a temporary hearing. Even in those cases where change of custody is sought after judgment, "the doctrine of *res judicata* is not to be applied to custody matters with the same strictness as to others." *Bliffert v. Bliffert,* 14 Wis.2d 316, 323, 111 N.W.2d 188, 192 (1961).¹ In custody matters the public interest in promoting the best interest of the child is always the dominant concern. For this reason past circumstances may be relevant in the overall determination of what is presently in the best interest of the child.

The appellant's contention here that respondent had the burden to show a change of circumstances to permit an award of custody contrary to the order for temporary custody is not at all consistent with our statement in *Pfeifer v. Pfeifer,* 62 Wis.2d 417, 426, 215 N.W.2d 419, 424 (1974), wherein we stated:

> "We see neither reason nor merit to upgrading an order for temporary custody, pending trial, into some near-permanent determination of the rights of the parents and the best interests of the children."

The trial court should consider the custody question de novo but can at its discretion consider the record at a temporary hearing if relevant.

In substance, the appellant argues the trial court abused its discretion in awarding the minor child to respondent-husband because it refused to consider all the relevant facts, improperly considered other inappropriate and biased and prejudicial matters, and refused to give proper weight and consideration to the recommendation of the guardian *ad litem.* We think not.

¹ *Also see: Miller v. Miller,* 15 Wis.2d 583, 587, 113 N.W.2d 403, 406 (1962).

" ' "This court strongly defers to the trial court's findings in custody matters. The reason for this is, of course, the uniqueness of the situation involved in each custody award and the broad understanding of the particular problem which the trial court can achieve in the course of the hearing, which can never quite be duplicated by an appellate court upon a review of the record. . . ." ' " *Schipper v. Schipper*, 46 Wis.2d 303, 311, 174 N.W.2d 474, 479 (1970).[2]

At the trial it was revealed that at the time of the commencement of the action the appellant-wife was pregnant by a man not her husband and that the child would be born about one month after the trial. This fact was neither known nor apparent at the hearing on the motion for temporary custody. The identified father of the child to be born had made no financial arrangements for its birth. He was subpoenaed as a witness but did not appear. The appellant had changed her place of residence several times between the commencement of the action and the trial. However, she had made arrangements to live with her brother and his wife at the time of and after the birth of the child.

The respondent proposed to keep the child with him in his parents' home. His mother was an early middle-aged certified occupational therapist, in good health, and testified she would be glad to take care of Jamie while the respondent was working. The respondent's father was suffering from cancer and, in fact, died before the post-judgment motions.

The trial court ordered a supplementary investigation and report by the social services department and the guardian *ad litem*. The social services department recommended Jamie be placed with the father. The guardian *ad litem* recommended the mother. However, the trial judge concluded the guardian *ad litem* had made only

---

[2] *See also: Pfeifer v. Pfeifer*, 62 Wis.2d 417, 422, 215 N.W.2d 419, 421 (1974); *Koslowsky v. Koslowsky*, 41 Wis.2d 275, 280, 163 N.W.2d 632, 634 (1969).

perfunctory investigation and his participation in the trial was minimal.

In exercising its discretion and awarding custody, the trial court stated:

"I'll assure you, Mr. Steans, that any decision I may make is not based on punishment of either parent for transgression; but what bothers me is this; I am sure both attorneys, guardian ad litem, and Mr. Bakken will agree that the one overriding requirement is: What is in the best interest of Jamie. Now, presuming that I find that each party is a fit parent and presuming that the Court recognizes the overwhelming love of a mother for a baby, I still am faced with the fact that come the expiration of six months from today, Larry Paul will be the husband of Lola. I have no evidentiary information before me about Larry Paul. All I know is, that he and Lola fell in love while she was married; they had sexual relations illegally during the marriage; he has not shown up here even though subpoenaed; he apparently has shown no responsibility financially for Lola. And then I am wondering, considering the interest of Jamie, should he be faced then with being brought up in the home of Lola and Larry and Larry would have Jamie as a stepson in addition to his own son. Now, the alternative is, that Jamie has a fit father where he would develop the father image toward him which is so much needed as the child matures as over against developing the image of a person whose character and whose interest I have no way of judging. Under the circumstances, I feel that I must find that the best interests of the child would be served by granting the custody to the father."

While the above is merely an excerpt of the trial judge's oral opinion, it does demonstrate that he properly exercised his discretion with the objective of protecting the best interest of the child.

The appellant has raised other issues, including an allegation of deprivation of a constitutional right. We have carefully considered these contentions and issues and find they have no merit.

*By the Court.*—Judgment and order affirmed.