ALLEN, Plaintiff-Appellant, v. ALLEN, Defendant-Respondent.

*No. 76–185. Submitted on briefs May 4, 1977.— Decided June 1, 1977.*
(Also reported in 254 N.W.2d 244.)

264

For the appellant the cause was submitted on the brief of *Vaughn S. Conway* of Baraboo.

For the respondent the cause was submitted on the brief of *Hill, Quale, Hartmann, Bohl & Evenson* of Baraboo.

CONNOR T. HANSEN, J. The issues on this appeal relate to the custody determination made by the trial court. The parties were married in 1970. At the time of the trial, the plaintiff was twenty-four years of age and employed as a typist. The defendant was twenty-six years of age and was a self-employed farmer. They had one child, Sheri-Rae Allen, who was four years of age.

In December, 1975, trial was held on the divorce issue only. The trial court granted the plaintiff a divorce on the grounds of cruel and inhuman treatment. Both parties were found to be fit and proper persons for the care, custody and control of the child. The trial court appointed a guardian *ad litem* for the child and directed the Sauk county department of social services to conduct and submit to the court a custody study.

The custody matter was heard on May 20 and 21, 1976. Both parties testified and each called a number of witnesses who testified as to the moral fitness of the respective parties to care for the child. The social worker for the Sauk county department of social services submitted two reports which were admitted into evidence. She also testified and was examined by both parties. It was her opinion that ". . . the court should give serious consideration to the possibility that the child be allowed to remain with her father on a permanent basis."

At the conclusion of this portion of the trial, the plaintiff requested an adjournment to secure the attendance of a witness, Larry Clemens. The trial court denied the request. The trial court also directed the guardian *ad litem* to submit his written report and any recommendation concerning the custody matter to the court within 20 days, with copies sent to the parties. Opposing counsel were given 20 days after the submission of the report to respond thereto and an additional 10 days thereafter to reply to each other's response.

The guardian *ad litem* report was subsequently submitted to the court and copies were sent to opposing counsel. No responses to the report appear in the record,

nor is there any assertion that such responses were made. The guardian *ad litem* recommended that ". . . the interests of the child would be best served, in my judgment, if custody were given to the father."

On the record, the trial court determined that it was in the best interest of the child to award custody to the defendant-father, and judgment was thus entered.

Three issues are presented:

1. Did the trial court err in failing to require that the written report of the guardian *ad litem* be introduced at the custody hearing?

2. Did the trial court err in awarding the custody of the minor child to the defendant?

3. Did the trial court err in not granting the request of the plaintiff for an adjournment and continuance in order to secure the testimony of witness Larry Clemens?

## GUARDIAN AD LITEM REPORT.

This court has long advocated the appointment of a guardian *ad litem* to represent the interests of minor children in custody matters.[1] Sec. 247.045, Stats., now requires such appointment whenever the court has reason for special concern as to the future welfare of the minor children.[2] The guardian *ad litem* serves a twofold pur-

[1] *See: deMontigny v. deMontigny*, 70 Wis.2d 131, 137, 233 N.W. 2d 463 (1975); *Lavota v. Lavota*, 70 Wis.2d 971, 976, 236 N.W.2d 224 (1975); *LaChapell v. Mawhinney*, 66 Wis.2d 679, 685, 225 N.W.2d 501 (1975); *Pfeifer v. Pfeifer*, 62 Wis.2d 417, 430, 215 N.W.2d 419 (1974); *Gochenaur v. Gochenaur*, 45 Wis.2d 8, 19, 20, 172 N.W.2d 6 (1969); *Dees v. Dees*, 41 Wis.2d 435, 444, 164 N.W.2d 282 (1969); *Edwards v. Edwards*, 270 Wis. 48, 56b, 70 N.W.2d 22, 71 N.W.2d 366 (1955).

[2] Sec. 247.045, Stats., reads in part:

". . . In any action for an annulment, divorce, legal separation, or otherwise affecting marriage, when the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children. . . ."

pose. He acts as an advocate and legal representative to protect and advance the best interests of the children. In such capacity, he possesses all the rights, powers and obligations normally accorded to a legal advocate in a trial setting. *deMontigny, supra,* 138, 141; *Wendland v. Wendland,* 29 Wis.2d 145, 156, 138 N.W.2d 185 (1965). The guardian *ad litem* also acts as a representative appointed to counsel and consult with the trial judge concerning the custody issue. *deMontigny, supra,* 138.

In the instant case a guardian *ad litem* was appointed by the court at the divorce hearing. He appeared at the custody hearing and took an active part in the cross-examination of the witnesses. At the conclusion of the hearing, the court requested the guardian *ad litem* to submit a written report containing a custody recommendation to the court and the parties. The procedure governing the submission of the report and responses thereto by the respective parties was established by the trial court.

The plaintiff now contends it was error for the trial court to fail to require the guardian *ad litem's* report to be introduced during the custody hearing. The contention is without merit. This is not a case where the report constituted a "clandestine document," *Dees, supra,* 445, utilized by the court only, without disclosure of the contents thereof to the parties. *See for instance: Greco v. Greco,* 73 Wis.2d 220, 243 N.W.2d 465 (1976); *Bahr v. Bahr,* 72 Wis.2d 145, 240 N.W.2d 162 (1976); *Kritzik v. Kritzik,* 21 Wis.2d 442, 124 N.W.2d 581 (1963); *Wunsch v. Wunsch,* 248 Wis. 29, 20 N.W.2d 545 (1945). The report was fully disclosed to both parties. Both parties were given an opportunity to examine and respond to the report and to challenge the contents thereof. Neither party did so.

The plaintiff now asserts that this opportunity to respond was not sufficient to protect her interests. If the

report did misstate facts or omit relevant evidence, as the plaintiff now asserts, we see no reason why the plaintiff could not have brought such to the attention of the trial court in response to the opportunity afforded her by the trial court.

Moreover, there is no indication in the record that the plaintiff was unduly prejudiced by the contents of the report. During the course of the hearing, the court in discussing the need for a guardian *ad litem* report, stated:

"I will expect him [the guardian *ad litem*] in his report to provide information as to the nature and extent of the contacts he made with the parties. I think that he ought not to provide new factual information that is not a part of the record that does not give opportunity to either side to cross examine, but otherwise I consider that would be improper for him to testify as a witness at this point."

A review of the report indicates that the guardian *ad litem* met the dictates of the trial court. He did not include nor did he base his recommendation on any new factual information not already a part of the record.

There is in the case law, no requirement that such a report actually be submitted during the custody hearing itself or that a rehearing on its contents be directed subsequent to its submission. The plaintiff's contention, based upon *Greco, supra,* that the trial court erred in not advising her counsel to prepare an order providing for the report's disclosure and a rehearing on the contents thereof is unpersuasive. In *Greco, supra,* the contents of the guardian *ad litem* report, which were available during trial, were not disclosed to the parties. In the instant case there was full disclosure and ample opportunity was provided to the parties to respond to the contents of the report, or to challenge it, prior to the time that the court decided the custody issue.

There is nothing in the record to indicate that the plaintiff in any manner objected to the timeliness of the disclosure of the guardian *ad litem* report. The plaintiff made no motion or other request for an order directing the guardian *ad litem* to prepare and make his report available to the parties prior to or during the hearing. While the plaintiff did attempt to call the guardian *ad litem* as a witness during the custody hearing, she acquiesced in the court's denial of the request. No objection was made at the commencement of the hearing that such report was unavailable for examination. No objection was made at the conclusion of the hearing when the court established the procedure for the submission of the report and the timetable for the parties' responses thereto. No motion or request for a rehearing on the contents of the report was made after the hearing or prior to the time the trial court made its final decision.

This court has consistently held that it will not consider issues raised for the first time on appeal.[3] The burden is upon the party alleging error to establish by reference to the record that the error was specifically called to the attention of the trial court. A failure to make a timely objection constitutes a waiver of the objection. *Terpstra v. Soiltest, Inc.*, 63 Wis.2d 585, 594, 218 N.W.2d 129 (1974).

This court may, however, in the exercise of its discretion and in the proper case, consider new issues raised for

[3] *See: Clay v. Bradley*, 74 Wis.2d 153, 161, 246 N.W.2d 142 (1976); *State v. Killory*, 73 Wis.2d 400, 410, 243 N.W.2d 475 (1976); *Heldt v. Nicholson Mfg. Co.*, 72 Wis.2d 110, 115, 240 N.W.2d 154 (1976); *Schneider Fuel v. West Allis State Bank*, 70 Wis.2d 1041, 1047, 236 N.W.2d 266 (1975); *Howard v. State Farm Mut. Auto Liability Ins. Co.*, 70 Wis.2d 985, 994, 236 N.W.2d 643 (1975).

the first time on appeal. *Terpstra, supra,* 593; *State ex rel. General Motors Corp. v. Oak Creek,* 49 Wis.2d 299, 319, 182 N.W.2d 481 (1971). However, this is not such a case. The procedure established by the trial court for the utilization of the report of the guardian *ad litem* was, under these circumstances, acceptable. The plaintiff did not object to the procedure, nor respond to or challenge the report when given the opportunity to do so. Under the facts of this case no reversible prejudicial error was committed.

## CUSTODY.

This court has long adhered to the proposition that in child custody matters the decision of the trial court is to be given great weight upon review.[4] Where the trial court finds that the best interests of the minor child are best served by awarding custody to one parent rather than the other, the award will not be upset unless this court is convinced that it is against the great weight and clear preponderance of the evidence, or unless it represents a clear abuse of discretion,[5] or unless the trial court has applied an erroneous rule of law.[6] The burden to be met by the party seeking to upset the award is a heavy one.

[4] *Heiting v. Heiting,* 64 Wis.2d 110, 116, 117, 218 N.W.2d 334 (1974); *Gauer v. Gauer,* 34 Wis.2d 451, 454, 149 N.W.2d 533 (1967); *Rohloff v. Rohloff,* 244 Wis. 153, 158, 11 N.W.2d 507 (1943); *Adams v. Adams,* 178 Wis. 522, 525, 190 N.W. 359 (1922).

[5] *Kuesel v. Kuesel,* 74 Wis.2d 636, 640, 247 N.W.2d 72 (1976); *Scolman v. Scolman,* 66 Wis.2d 761, 763, 226 N.W.2d 388 (1975); *Pfeifer, supra,* 422; *Schipper v. Schipper,* 46 Wis.2d 303, 311, 174 N.W.2d 474 (1970); *Koslowsky v. Koslowsky,* 41 Wis.2d 275, 280, 163 N.W.2d 632 (1969); *Sommers v. Sommers,* 33 Wis.2d 22, 26, 27, 146 N.W.2d 428 (1966).

[6] *Scolman, supra,* 763; *Heiting, supra,* 118.

The considerable record made at the portion of the trial relating to the custody award contains much evidence of the alleged transgressions of both parties. No useful purpose will be served in our reviewing the evidence in detail. It is enough to say that we have fully examined the record and considered all the evidence presented. The record reflects that the trial court based its decision on the following areas of concern: The personal capabilities of the parties; the moral conduct of the parties; the effects of a change in environment; the availability of church instruction; and the reports submitted to the court and the parties. The comprehensive decision of the trial court reflects a thorough consideration of all of the above factors, with no undue weight placed on any one in particular.

Evidence regarding present conduct and present circumstances was not ignored as the record reveals that the court was concerned with and considered the child's recent physical care. The introduction and consideration of the plaintiff's past conduct was entirely proper. In *Larson v. Larson,* 30 Wis.2d 291, 299, 300, 140, N.W.2d 230 (1966), this court recognizing the possible relevance of such evidence, stated:

"In considering the question of fitness or unfitness evidence of past conduct, prior physical and emotional conditions, and other previous circumstances, is relevant and material insofar as it constitutes a reasonable guide to present qualifications and future probabilities. Evidence of this kind, however, should not be received only to bolster a feeling of outrage or to re-emphasize the facts that originally gave rise to the divorce or separation."

The evidence which the plaintiff challenges related to her past care of the child; her own possible emotional problems; and her conduct extending over several years. All of the evidence was relevant and, in considering the

best interests of the child, the trial court was correct that such factors constituted a reasonable guide to present qualifications and to future probabilities.

The conflicting testimony in this case was great. The weight and credibility to be given to the testimony of each witness was a matter for the trial court to determine. The trial court approached this responsibility with thoroughness and resolved the conflicts. There is considerable credible evidence in the record to support the findings of the trial judge.

The plaintiff asserts that in the absence of a finding of unfitness on the part of the plaintiff, the award of custody ignores the ". . . strong preference . . ." for maternal custody. There is no requirement that one or the other of the parents be found unfit prior to awarding custody. *Pfeifer, supra,* 423; *Larson, supra,* 299. Although the plaintiff was awarded temporary custody of the child prior to the divorce, this is not a transfer-of-custody case as suggested by the plaintiff. This case was the original award of permanent custody of the child.

In *Scolman, supra,* this court stated at page 764:

". . . We have stated many times that 'other things being equal, preference will ordinarily be given to the mother if she is not unfit.' Here there is no question that the trial court found both of the parties fit. However, the preference for the mother is not a rule of law but is only an important element to be considered. The crucial and controlling factor is the welfare of the child."

*See also: Koslowsky, supra,* 280, 281, and cases cited therein.

The decision of the trial court indicates that, after considering all the evidence, and that insofar as the custody of the child was concerned, the status of the

parties was not equal and that any preference for the mother was overcome by other factors.

The plaintiff also argues that custody was denied her as a penalty for her past improper conduct. It is, of course, well established that custody is not to be used to penalize or reward a party for bad or good conduct. *Pfeifer, supra,* 423; *Dees, supra,* 442. However, in this record, we find no suggestion that such a factor was considered by the trial court. The trial court clearly viewed the conduct only as indicative of present and future expectations of fitness to care for the child. The custody award was based upon the trial court's determination of the best interest of the child and not as a penalty for past conduct. The record fully supports the findings of the trial court. The award of custody to the defendant was not against the great weight and clear preponderance of the evidence; it did not constitute an abuse of discretion; and it was not founded on any erroneous rule of law.

## ADJOURNMENT AND CONTINUANCE.

The plaintiff had produced testimony that the defendant had been seen kissing his first cousin in a machine shed at a farm. The defendant and the first cousin denied that this had occurred. At the conclusion of the trial, the plaintiff moved for an adjournment or continuance to secure the testimony of Larry Clemens to corroborate the testimony offered by the plaintiff. The trial court denied the motion for continuance and fully stated its reasons for doing so.

Recently in *Smith v. Plankinton de Pulaski,* 71 Wis.2d 251, 257, 238 N.W.2d 94 (1976), this court reiterated its position that the granting or denial of a request for a

continuance lay within the sound discretion of the trial court. Therein this court stated that a continuance delaying a trial is not a matter of course and that being a discretionary matter with the trial court, prejudice must be made to appear before the trial court's ruling would be set aside. *Smith, supra,* 257; *Gunnison v. Kaufman,* 271 Wis. 113, 119, 72 N.W.2d 706 (1955); *Estate of Hatten,* 233 Wis. 256, 263, 289 N.W. 630 (1940). *See also: Keller v. State,* 75 Wis.2d 502, 510, 511, 249 N.W.2d 773 (1977).

The trial court did not abuse its discretion and the plaintiff was not prejudiced by the denial of the motion. The trial court was well aware of what Larry Clemens would testify to; and the evidence of the alleged improper relationship between the defendant and his first cousin was in the record. Both the defendant and his first cousin had denied the existence of any improper relationship. As the trial court observed, the record was replete with conflicting testimony. The testimony of Larry Clemens would have been cumulative on the issue and thus would have only added to a record that already contained much inconsistent and conflicting testimony. The trial court did not abuse its discretion in denying the motion for continuance.

*By the Court.*—Judgment affirmed.