STATE of Wisconsin EX REL. John H. PFLAUM,
Petitioner-Appellant,

v.

State of WISCONSIN PSYCHOLOGY EXAMINING BOARD;
Donald R. Rittel, Hearing Examiner, Respondents.†

Court of Appeals

*No. 82–909. Submitted on briefs January 12, 1983.—
Decided February 14, 1983.*
(Also reported in 331 N.W.2d 614.)

For the petitioner-appellant the cause was submitted on the brief of *Alan D. Eisenberg, S.C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Daniel D. Stier,* assistant attorney general.

Before Decker, C. J., Moser, P. J. and Wedemeyer, J.

WEDEMEYER, J.   Dr. John H. Pflaum (Pflaum) appeals from a judgment of the trial court affirming an

† Petition to review denied.

order of a hearing examiner for the State Psychology Examining Board (PEB). The order of the hearing examiner compelled Pflaum to disclose the names, addresses and telephone numbers of the four individuals on whom Pflaum used an electrical device known as MELS. We determine that the psychologist-patient privilege (sec. 905.04, Stats.) is inapplicable to this case, because the individuals whose identity Pflaum wishes to protect were never patients of Pflaum, as "patient" is defined in sec. 905.04(1) (a).

The PEB instituted disciplinary proceedings against Pflaum by filing a complaint, which was subsequently amended. Pflaum answered both the complaint and the amended complaint, and the PEB then initiated discovery.

Interrogatory questions were sent to Pflaum. The pertinent questions sought to elicit the following information: the number of persons on whom MELS was used; whether those persons were patients, clients, subjects or volunteers; the manner in which MELS was used; and the names, addresses and telephone numbers of those individuals. Pflaum's responses were: only four individuals were subject to the MELS experiment; these four people were volunteer research subjects; MELS was used on these individuals for the purpose of testing; and disclosure of the names, addresses and telephone numbers of the four people was privileged under sec. 905.04, Stats.

Section 905.04(1) (a), Stats., states: "A 'patient' is a person who consults or is examined or interviewed by a physician, chiropractor or psychologist." The Federal Advisory Committee's Note to proposed Standard 504(a) (1) [1] of the Federal Rules of Evidence, states in perti-

---

[1] Congress struck proposed Standard 504 when considering enactment of the Federal Rules of Evidence. The only difference between proposed Standard 504(a)(1) and sec. 905.04(1)(a),

nent part: "The definition of patient does not include a person submitting to examination for scientific purposes." Wisconsin Rules of Evidence, 59 Wis. 2d R126 (1973). The Judicial Council Committee's Note to sec. 905.04(1)(a), states, in pertinent part: "The same patient relationship that existed under Wis. Stats. s. 885.21[2] is maintained." Wisconsin Rules of Evidence, 59 Wis. 2d R123 (1973). We agree with both comments as they define "patient." It is clear that since all four of the individuals subject to the MELS experiment were volunteers helping Pflaum engage in scientific research, they were not patients as defined in sec. 905.04(1)(a), Stats. Therefore, the psychologist-patient privilege does not apply to this case.

Pflaum also argues that the disclosure of the identities of the four volunteers violates their constitutional right of privacy. Although Pflaum has raised this issue for the first time on appeal, we will review this issue. *See Allen v. Allen*, 78 Wis. 2d 263, 270–71, 254 N.W.2d 244, 248 (1977).

The right of privacy is not explicitly mentioned in the United States Constitution. The United States Supreme

Stats., is that Wisconsin uses "physician, chiropractor or psychologist" while the proposed Standard used "psychotherapist." The proposed Standard defined a "psychotherapist" as including a licensed psychologist engaged in the practice of psychology. For our purposes, then, the Federal Advisory Committee's Note is relevant and useful to a disposition of this case.

[2] Section 885.21, Stats., was the physician-patient privilege statute before Wisconsin adopted sec. 905.04, Stats. Section 885.21 and its predecessors were interpreted to apply only to cases in which physicians treated persons. *See Rusecki v. State*, 56 Wis. 2d 299, 316–17, 201 N.W.2d 832, 842 (1972); *Schwartz v. Schneuriger*, 269 Wis. 535, 544, 69 N.W.2d 756, 761 (1955); *City of Racine v. Woiteshek*, 251 Wis. 404, 406, 29 N.W.2d 752, 754 (1947). We agree with the Judicial Council Committee's Note in its implication that the patient must be "treated" for the privilege to apply.

Court has never recognized a general constitutional right to privacy. The Court has recognized that some Bill of Rights's provisions are concerned with privacy. *See J.P. v. DeSanti,* 653 F.2d 1080, 1087 (6th Cir. 1981) (lists examples). In *Whalen v. Roe,* 429 U.S. 589 (1977), a case involving a New York statute requiring that the names and addresses of all persons who are prescribed certain drugs be recorded by the state's central computer file, the Court stated:

The cases sometimes characterized as protecting "privacy" have in fact involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions. *Id.* at 598–600. [Footnotes omitted.]

We do not believe the Supreme Court's language in *Whalen,* enunciated a general right of nondisclosure against which governmental action must be weighed. *See J.P. v. DeSanti, supra,* at 1089–90. The right of privacy is limited to those personal rights that can be deemed "fundamental" or "implicit in the concept of ordered liberty." *Id.* at 1090. The interest Pflaum wishes to assert here on behalf of his four volunteers, we conclude, is neither fundamental nor implicit to a concept of ordered liberty. We do not believe that disclosure of the identities of the MELS volunteers implicated a constitutional right to privacy.

*By the Court.*—Judgment affirmed.