Theol A. BARSTAD, Plaintiff-Respondent,

v.

Wanda K. FRAZIER, Defendant-Appellant,†

Michael L. WEISS, Defendant.

Court of Appeals

*No. 82–1182. Submitted on briefs February 7, 1983.—
Decided March 22, 1983.*
(Also reported in 332 N.W.2d 835.)

For the appellant the cause was submitted on the briefs of *Wisconsin Judicare, Inc.,* and *Donna M. Mueller* of Wausau.

For the respondent the cause was submitted on the brief of *Gherty and Dunlap* and *Terrence M. Gherty* of Hudson.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.  Wanda K. Frazier appeals from a judgment awarding legal custody of her eight-year-old natural son, Michael Frazier, to her mother, Theol A. Barstad. Wanda contends that the trial court applied an erroneous

---

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

legal standard in determining Michael's custody, and that the record fails to support a determination of compelling circumstances to justify the custody award. Because we conclude that the trial court applied the correct legal standard and that the record supports its determination that compelling circumstances exist, we affirm the judgment.

Custody matters are highly discretionary, and a trial court's determination will not be set aside in the absence of a clear abuse of discretion. *Belisle v. Belisle*, 27 Wis. 2d 317, 321–22, 134 N.W.2d 491, 494 (1965). A discretionary determination, to be sustained, must demonstrably be made and based on facts appearing in the record and in reliance on the appropriate and applicable law. *Thorpe v. Thorpe*, 108 Wis. 2d 189, 195, 321 N.W.2d 237, 240 (1982), citing *Jasper v. Jasper*, 107 Wis. 2d 59, 63–64, 318 N.W.2d 792, 795 (1982). We will not find an abuse of discretion if the record shows that there is a reasonable basis for the trial court's determination. *Matter of Adoption of R.P.R.*, 98 Wis.2d 613, 619, 297 N.W.2d 833, 836 (1980).

Wanda asserts that a natural parent has a fundamental interest in the care, custody, and management of his child, which is protected by the due process clause of the fourteenth amendment. *See, e.g., Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 1394 (1982) ; *Interest of J.L.W.*, 102 Wis. 2d 118, 135–36, 306 N.W.2d 46, 54–55 (1981). Wanda contends that the trial court applied a "best interests of the child" legal standard in determining Michael's custody, and that this standard is erroneous when applied to a custody dispute between a natural parent and a third party because it does not appropriately recognize a natural parent's interest in the care and custody of his or her child.

We conclude that the trial court applied the correct legal standard in making its custody determination. In

*LaChapell v. Mawhinney*, 66 Wis. 2d 679, 683–84, 225 N.W.2d 501, 503 (1975), our supreme court refused to adhere to an inflexible rule that the doctrine of the best interests of the child cannot prevail in every custody dispute involving a natural parent and the child's grandparents. The court instead stated that "[a]s a general matter, but not invariably, the child's best interest will be served by living in a parent's home. However, if circumstances compel a contrary conclusion, the interests of the child, not a supposed right of even a fit parent to have custody, should control." *Id.*

In this case, the trial court concluded in its findings of fact and conclusions of law that it was in Michael's best interests to award custody to Theol. A consideration of the child's best interests is an appropriate and necessary factor in a custody determination. *See* sec. 767.24 (2), Stats.[1] This is true even when the dispute is between a natural parent and a grandparent. *See La-Chapell.* The court also concluded that "there are compelling reasons why this court should not change the custody of Michael from his grandmother." Because the trial court determined that circumstances compelled it to conclude that Michael's best interests would not be served by living with Wanda, the doctrine of the best interests of the child controlled its custody determination. Under the supreme court's decision in *LaChapell*, the trial court applied the correct legal standard and relied on the appropriate law.[2]

---

[1] Section 767.24(2), Stats., provides in part:

In making a custody determination, the court shall consider all facts in the best interest of the child . . . .

[2] The author of this decision notes that an award of custody to a party who is not a natural parent without an initial determination that the parent is either unfit or unable to adequately care for the child appears to conflict with § 767.24(1)(c), Stats., which applies to child custody determinations, and the Children's Code, ch. 48, Stats. *See, e.g.,* § 48.13, Stats. Because Theol Barstad commenced this custody action pursuant to § 767.02(1)(e),

Wanda argues that the record fails to support a determination of compelling circumstances. We conclude that the record demonstrates a reasonable basis, both for the trial court's conclusion that compelling circumstances exist, and for its custody determination. As the trial court indicated in its findings of fact, Michael has lived with Theol for all of his life, except for a few months. The court also appropriately considered the fact that Theol has consistently provided a stable home environment for Michael.

The record additionally includes a report by a psychologist who interviewed Michael. In this report, the

Stats., the provisions of ch. 767 should apply. In Ponsford v. Crute, 56 Wis. 2d 407, 202 N.W.2d 5 (1972), our supreme court held that in a custody dispute between a natural parent and a grandparent, the parent could not be deprived of custody unless the parent was found to be either unfit or unable to care for the child. The court partly based its decision on a statute then in effect that was similar to § 767.24(1)(c). In *LaChapell v. Mawhinney*, 66 Wis. 2d 679, 225 N.W.2d 501 (1975), however, the court held that if circumstances compelled a conclusion that the child's best interests would be served by awarding custody to a grandparent, even a fit parent could be denied custody. Were it not for that decision, which we are obligated to follow, this author would be inclined to require an initial finding that the parent is either unfit or unable to care for the child prior to awarding custody to a third party, including a blood relative. Such a requirement decreases the chance that the custody determination will be governed by unbridled discretion and subtle value judgments, and it reflects an appropriate consideration of a natural parent's interests in the care and custody of his child. That requirement is also more consistent with the legislative intent evidenced in chs. 48 and 767. But for *LaChapell*, this author would conclude, independent of my colleagues, that the best interests of the child should be the consideration only if the custody dispute is between natural parents who are fit and able to adequately care for child. When it becomes a dispute between a natural parent and a third party, including a blood relative, the first determination should be whether the parent is unfit or unable to adequately care for the child. If the answer is yes, only then should the "best interests of the child" consideration be applied.

psychologist indicated that Michael is a highly intelligent and verbal child who has done very well in his present environment. He stated that Michael needs a well-defined, structured environment to best promote his abilities, which is the type of environment the psychologist believes Theol and her husband, Roger, have provided for Michael. He also stated that an unstructured atmosphere could be harmful to Michael.

In contrast to the stable home environment Theol has provided for Michael, the record indicates that Wanda has not maintained a consistent degree of stability, either personally or professionally. The record reflects that Wanda has lived in several different residences during Michael's childhood, and has not remained at one job for any length of time. Wanda is presently unemployed and is financially dependent upon the man with whom she is currently living, who has no legal obligation to support her, and who was also unemployed at the time of the custody action. The trial court found that Wanda has had relationships with other men in addition to her present relationship. Both Wanda and the man with whom she is now living testified that they have no intention of marrying.

We are mindful that during the hearings, the trial court had the advantage of hearing the testimony and observing the witnesses' demeanor. The court found that Michael's life with Theol has produced a happy, bright, and satisfied child who does well in school and is active in several sports. The court also found through an in camera interview with Michael that he is happy in his present surroundings. The court concluded that although Wanda was not an unfit person to have custody of Michael, the boy's present stability and happiness should not be exchanged for the unknown. The psychologists' reports, the guardian ad litem's recommendations, and testimony adduced at the hearings support the

trial court's findings and its conclusion that there are compelling circumstances why Michael should not be uprooted. The court therefore did not abuse its discretion in determining that Michael's custody should be awarded to Theol Barstad.

*By the Court.*—Judgment affirmed.